LEWIS et al. v. EAST TEXAS FINANCE
CO. et al.

No. 5319.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 10, 1938.

Rehearing Denied Jan. 5, 1939.

Davis, Avery & Wallace, of Center, Long & Strong, of Carthage, Nat Gentry, Jr., of Tyler, and J. F. Colson, of Oklahoma City, Okl., for appellants.

Weeks, Hankerson & Potter, Butler & Price, and Pollard & Lawrence, all of Tyler, for appellees.

HALL, Justice.

This is a suit in trespass to try title instituted by appellants against appellees in the District Court of Smith County, and involves the ⅞ mineral estate in and under a strip of land approximately 700 feet long and 30 feet wide, known as the Troup and Henderson Road. Appellees answered by general demurrer, general denial and plea of not guilty, and by plea of limitation under the three years statute. Becoming cross plaintiffs, appellees alleged that the original oil and gas lease from T. O. Wright to P. M. Deason excepted from the terms of said lease the land here in controversy; "that it was the intention of T. O. Wright, the Lessor, and of P. M. Deason, Trustee, and was the agreement between said parties, that the phrase 'not including the road' as used in said oil and gas lease, should mean that the title to the strip occupied by the road should be excepted from the conveyance and form no part of the property conveyed or granted thereunder." In the alternative appellees alleged a mutual mistake on the part of T. O. Wright and P. M. Deason, the parties to the original oil and gas lease, in that it was agreed by these parties that the roadway was to be excepted from the lease, but "through mutual mistake of said parties, said instrument was drawn and executed so as to omit and not include the true understanding and agreement between said parties in that particular." It was alleged further by appellees that subsequent purchasers of interest in the original lease, who were parties to this case, had actual and constructive knowledge of the mutual mistake of T. O. Wright and

P. M. Deason in drafting the original oil and gas lease. By supplemental petition appellants specially denied the allegations in appellees' cross action. Trial was to a jury on special issues, which resulted in a verdict for appellees. Judgment was entered for appellees, and appellants have appealed.

Appellants are holders under an oil and gas lease from T. O. Wright to P. M. Deason covering land, the description of which includes the land in controversy, unless excepted therefrom by the phrase "not including the road." Sometime after the execution of the oil and gas lease from Wright to Deason the County Commissioners' Court of Smith County laid out a new road over the land covered by the said lease and by proper resolution abandoned the old Troup and Henderson Road. An oil and gas lease was later given by T. O. Wright to Baylor University covering land occupied by the old Troup and Henderson Road, the land in controversy, and appellees hold under this lease. The evidence shows that appellants have drilled three oil wells on 3.86 acres of land, a part of the land covered by the original oil and gas lease from Wright to Deason and now owned by appellants, neither of which wells is on the disputed tract of land; that appellees have drilled one oil well on the disputed strip of land.

One of the contentions of appellants based upon numerous assignments of error is, in effect, that appellees' cross action constitutes this a suit to reform the original lease executed by T. O. Wright to P. M. Deason on account of mutual mistake of the lessor and lessee therein, and the evidence failing to show a mistake common to all interested parties, appellants' motion for instructed verdict in their favor should have been sustained. That part of the oil and gas lease from Wright to Deason pertinent to this discussion is:

"Agreement, Made and entered into the 25th day of February, 1931, by and between T. O. Wright, a single man, of Tyler, Smith County, Texas, hereinafter called lessor (whether one or more) and P. M. Deason, Trustee, hereinafter called lessee:

"Witnesseth: That the said lessor, for and in consideration of Ten Dollars cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of lessee to be paid kept and performed, has granted, demised, leased and let, and by these presents does

"Grant, lease and let unto the said lessee for the sole and only purpose of exploring, drilling, mining, and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the county of Smith, State of Texas, described as follows, to-wit:

"A part of the Juan Vargas League, Abstract No. 22, about 20 miles southeastwards from the City of Tyler, Being 7.86 acres, designated as tract No. 9 on the plat of the subdivision of the 86 acre tract conveyed to T. O. Wright on the 14th day of October, A. D. 1926, by C. A. Hughes et al., said deeds and recorded in Smith County Deed Records, Vol. 183, p. 579. The plat of said subdivision recorded, Vol. ——, page ——; Beginning at a stake, the N E corner of tract No. 8, and the Northwest corner of this tract; Thence S 1 deg W 640 feet to a stake; Thence W 3 deg 45' N 561 ft to a stake, the S W corner of Tract No. 8; Thence N 1 deg E 615 ft to the place of beginning, containing 7.86 acres, *not including the road.* (This league laid out to the magnetic North.)

"For the purpose of determining the amount of any money payment hereunder, said land shall be considered to comprise 7.86 acres, even though it actually comprises more or less, but it is lessor's intention to lease, and he does lease hereby, in addition to the land above described, all of the land and interests in land owned by lessor in said sections, grants, leagues and/or surveys as shown by the records of said County and all other land and interests in land owned by lessor in said sections, grants, leagues and/or surveys and/or adjoining sections, grants, leagues and/or surveys and lessor expressly agrees to deliver to lessee any supplemental instrument deemed necessary or requested by lessee for more complete or accurate description of the land and interests thus intended to be leased." (Italics ours)

It appears to us that this suit, both from the standpoint of pleading and proof, resolves itself into one for the construction of the oil and gas lease from Wright to Deason, since no evidence was introduced under appellees' alternative plea for reformation on account of mutual mistake of the parties to the original lease. No effort was made by appellees to alter the original lease by adding to or taking from its

terms, it was admitted to be supreme, only the intention of the parties thereto was sought at the date of its execution, with respect to the meaning of the phrase "not including the road." The phrase in said oil and gas lease "not including the road" appellants assert amounts to nothing more than an easement and is not effective as an exception of the mineral estate underlying the road; while appellees contend that the phrase is an exception from the grant made, and leaves undisturbed in the grantor the title to the minerals under the road. Whether said phrase was ambiguous was a question of law to be determined by the trial court. Graham's Estate v. Stewart, Tex.Civ.App., 15 S.W.2d 72, writ refused; Jones v. Sun Oil Co., Tex.Civ. App., 110 S.W.2d 80, writ refused. From the record we conclude that the trial court found, as a matter of law, that the phrase "not including the road" in the oil and gas lease set out above was ambiguous, and his decision in this regard, in our opinion, was correct. Evidence then was properly admitted respecting the intention of the parties to said Wright and Deason lease. Umscheid v. Scholz, 84 Tex. 265, 16 S.W. 1065. No one can determine from a reading of the description of the land covered by this oil and gas lease whether the road is reserved as an easement or excepted from the grant. The fact that the lessor retained the ownership and use of the surface of the land subject only to the unrestricted use thereof by the lessee in producing and marketing the oil and gas therefrom would indicate that the land occupied by the road was excepted from the lease. The evidence of both Wright and Deason, the parties to the original oil and gas lease, was to the effect that it was the understanding between them at the time of the execution and delivery of the lease that Wright was not conveying the minerals under the road. There is no hint in their testimony to the contrary. Over and over again Wright testified that he did not intend for the original oil and gas lease to include the minerals under the old road. He gave as his reason therefor that he intended, either himself or through others, to develop the land covered by the old road and thereby force more offsets on his other land adjoining same. In this he was corroborated by his brother and by Deason. The intention, then, of both lessor and lessee in the original oil and gas lease under which appellants hold, as clearly shown by undisputed testimony, was to except from said original lease the land occupied by the Troup and Henderson Road. The contention is made by appellants in this connection that the recitation in said original oil and gas lease following immediately the description of land covered by said lease, referred to by them as the "Mother Hubbard" or all-inclusive clause, has the effect of including the road within the terms of the lease. Appellants cite as authority therefor the cases of Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447, Sun Oil Co. v. Burns, 125 Tex. 549, 84 S. W.2d 442, and Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452, 453, all by Commission of Appeals. We do not think that these cases are in point. The all-inclusive clause referred to, certainly under these authorities, would have reference only to other land owned by Wright coming within the terms of said clause, not included in or excepted from the terms of the grant, otherwise the general description, or all-inclusive clause, would destroy that portion of the specific description excepting the road and would do violence to that cardinal rule of construction that all portions of conveyances should be given effect if possible. Hancock v. Butler, 21 Tex. 804. We think these two clauses can be given effect under the disputed evidence in this case by holding that under the authorities above cited all other lands owned by Wright not included in the specific description contained in said original oil and gas lease and coming within the general description or all-inclusive clause would pass to the lessee, Deason. In other words, it is our holding that the general or all-inclusive clause in said lease does not alter or affect the recitation in the specific description contained in said lease, but has reference to all other lands owned by Wright not specifically described or excepted. Therefore we conclude that the trial court was correct in his judgment in holding in effect: (1) That the clause "not including the road" in the oil and gas lease from Wright to Deason was ambiguous; (2) in admitting extraneous testimony showing the intent of the parties in inserting said clause in the original lease; and (3) that said clause was an exception from the original lease of the land occupied by the road. We do not think our holding in this regard is in conflict with the recent opinion of this court in Jones v. Sun Oil Co., supra. In that case the full title to the prop-

806

erty was conveyed by deed and the recitation itself determined its character, that is, that the use alone of the strip of land was reserved to the grantor. Nor do we think the case of Bolton v. Dyck Oil Co., Tex. Civ.App., 114 S.W.2d 299, is in point. The land there involved was conveyed by deed, and the court specifically found that no evidence of the intention of the parties to the original deed was submitted to the trial court. Therefore these assignments are overruled.

By numerous assignments appellants contend that the court erred in his instructions to the jury in that he improperly charged on the burden of proof. There would be merit in this contention if the facts herein presented a jury question, but we have concluded that no disputed issue of fact is presented by this record in respect to the intent of the parties to the original oil and gas lease from Wright to Deason. This being true, the errors pointed out in the charge become immaterial. All subsequent purchasers under the original oil and gas lease from Wright to Deason, as a matter of law, were charged with notice of the terms of the oil and gas lease under which they held. The subsequent purchasers are "bound by every description, recital, reference and reservation, and by every other matter contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which they claim." 43 Tex.Jur. p. 648, Sec. 383; Loomis v. Cobb, Tex.Civ.App., 159 S.W. 305, writ refused; W. T. Carter & Bro. v. Davis, Tex.Civ.App., 88 S.W.2d 596, writ dismissed. They were charged constructively with the meaning of the phrase "not including the road." And if, as a matter of law, said phrase was ambiguous, they were charged with notice of said ambiguity and the legal construction to be placed thereon by a court of competent jurisdiction. It follows then that the subsequent purchasers, appellants herein, were charged as a matter of law that the land covered by the Troup and Henderson Road was not included in the original oil and gas lease from Wright to Deason, and that they as subsequent purchasers of portions of the mineral estate covered by said lease would get no part of or right to the minerals under said road. The judgment of the trial court that appellants take nothing by their suit, in our opinion, is correct.

The judgment is affirmed.