ST. PAUL MERCURY INSURANCE COMPANY, Appellant,

v.

Juanita Frances PRICE and Tri-State Wholesale Associated Grocers, Inc., Appellees.

No. 20396.

United States Court of Appeals Fifth Circuit.

March 26, 1964.

J. F. Hulse, Taylor Nichols, Scott, Hulse, Marshall & Feuille, El Paso, Tex., for appellant.

Robert S. Pine, John A. Langford, Collins, Langford, Pine & Coldwell, El Paso, Tex., for appellees.

Before HUTCHESON, GEWIN, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This action was brought by appellees, the wife and employer of Charles L. Price, deceased, to recover on two contracts of accident insurance covering the life of Charles L. Price, under which they were, respectively, the named beneficiaries. It was stipulated that the policies were duly issued and in full force and effect when the insured, together with another man, left El Paso, Texas for Pecos, Texas in a private airplane on a business trip. The wreckage of the plane and the remains of the insured and his companion were found the next day. It was also stipulated that due and timely notice of loss was made, and that appellant refused to make payment.

Appellant, the defendant below, answered the complaint by asserting that the insured was killed in the crash of an aircraft while operating, or learning to operate it, or while serving as a member of the crew within the meaning of an exclusion in the contracts, and that for this reason there was no coverage under the contracts. Appellees took the position that the language of the exclusion was ambiguous and capable of two constructions, one purporting to exclude recovery and the other allowing recovery. Therefore, they contended, recovery was forthcoming under the well established rule that words of limitation will be strictly construed against the insurer. Continental Casualty Company v. Warren, 1954, 152 Tex. 164, 254 S.W. 2d 762; and Fidelity and Casualty Company of New York v. Lott, 5 Cir., 1960,

273 F.2d 500. And that, as noted in Continental Casualty Company v. Warren, the interpretation offered by the insured need be no more than one which is not itself unreasonable. The following is the language of the exclusion in each contract in pertinent part:

"The insurance under this policy shall not cover loss directly or indirectly caused or contributed to by: * * * riding in or on any aircraft being used for any purpose such as crop dusting, seeding, skywriting, racing, testing, exploration, or any other purpose except the sole purpose of transportation, or while the insured is operating, learning to operate, or serving as a member of a crew of an aircraft."

The construction appellees would put on the exclusion, and which was adopted by the District Court, was that there were two exceptions to the exclusion. The first exception was of loss incurred when riding in an aircraft for the sole purposes of transportation. All agree that this is an exception. Second, they say that a loss incurred while the insured is operating, learning to operate, or serving as a member of the crew of an aircraft is also excepted. This is the bone of contention and the subject matter of this appeal.

Under the pleadings and deposition evidence there was a fact question as to whether the insured was operating, learning to operate, or serving as a member of the crew of the aircraft. Proof of this fact would be necessary to invoke the exclusion but that question was not reached. The District Court assumed that the insured at the time of the accident was operating, learning to operate, or was serving as a member of the crew of the aircraft and concluded these to be activities excepted from the exclusion. His reasoning was that the language of the exclusion was ambiguous and susceptible of more than one construction, and that the construction urged by appellees was not unreasonable. This being so, and there being

no genuine issue as to a material fact in this posture of the case, judgment for appellees was rendered as a matter of law. This appeal followed.

The question of whether an ambiguity exists in the language of a contract is one of law. Lewis v. East Texas Finance Co., 1938, Tex.Ct.Civ. App., 123 S.W.2d 803; Nelson v. Downtain, Tex.Ct.Civ.App., 1922, 249 S.W. 241, reversed on other grounds, Tex. Com.App., 265 S.W. 135; Cameron Mill & Elevator Co. v. Chas. F. Orthwein's Sons, 5 Cir., 1903, 120 F. 463. If the applicable language, here that of the exclusionary clauses, is clear and unambiguous, such meaning must be given to the language as will carry out and effectuate the intention of the parties.[1] In that event, rules of construction, such as adopting that construction most favorable to the insured, are not to be applied. General American Indemnity Company v. Pepper, 1960, 161 Tex. 263, 339 S.W.2d 660. On the other hand, if ambiguity exists, construction in accordance with applicable rules is in order.

We would ordinarily proceed to a disposition of this matter in the light of these rules and the facts presented. However, in an en banc decision rendered under date of February 4, 1964 in two cases, United Services Life Insurance Company v. Delaney (Paul Revere Life Insurance Company v. First National Bank in Dallas), 328 F.2d 483, this court determined to stay its hand until the courts of the State of Texas have been afforded an opportunity of declaring the law applicable to the exclusionary clauses there involved where

the losses involved also had resulted from aircraft flights. The problem in those cases, as well as here, goes back to Warren case, supra, and the scope of its teaching. One panel of this court thought Warren controlling in United Services Life Insurance Company v. Delaney, 5 Cir., 1962, 308 F.2d 484; and another doubted its applicability in a similar case, Revere; hence, the en banc consideration. The case now at bar, while differing from all three to some extent on its facts, is not sufficiently different to warrant our deciding it short of not only obtaining such enlightenment as may be forthcoming from the Texas courts in the United Services Life Insurance Company v. Delaney, and Revere cases but as may be gained from giving it the same treatment.

We said with respect to those cases :

" * * * Each of the appellants can, and should, promptly initiate a proceeding in a Texas court seeking a declaratory judgment for the determining of the meaning of the pertinent clauses of the respective insurance contracts, with a review of such judgment by a court of last resort of the State of Texas.

"An order will be entered in each of the appeals staying further proceedings in this Court until the courts of Texas shall have been afforded an opportunity to determine the issues to be submitted. This Court will retain jurisdiction for the purpose of taking such further action as may be required."

That course will be followed here. It is so ordered.

---

1. An ambiguity is defined in Texas as "an uncertainty of meaning or expression used in a written instrument; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful import." Business Men's Assur. Ass'n v. Read, 1932, Tex.Ct.Civ.App., 48 S.W.2d 678, 680.