UNITED SERVICES LIFE INSURANCE COMPANY, Appellant,

v.

Joan Flores DELANEY, Appellee.

No. 14360.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 6, 1965.

Rehearing Denied Feb. 3, 1965.

Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellant.

Horace P. Shelton, Jr., San Antonio, for appellee.

MURRAY, Chief Justice.

At the present time there are two cases pending in the United States Court of Appeals, Fifth Circuit, which call for an interpretation of an insurance policy. The clause to be interpreted in the first case, United Services Life Ins. Co. v. Joan Flores Delaney, reads as follows:

"If this policy shall become a claim of death of the insured due to any service, training, travel, flight, ascent or descent in, on, or from any species of aircraft at any time, except death resulting from travel as a passenger on an aircraft owned and operated by the United States Government or as a passenger on a scheduled *passenger* air service regularly offered between specified airports, the liability of the company under this policy shall be limited to the premiums paid hereunder or to the then net reserve at time of death, if greater; any provision in this policy

to the contrary notwithstanding." (Emphasis added.)

The clause in the other case, Paul Revere Life Ins. Co. v. First National Bank in Dallas, is somewhat similar.

The exact question to be decided, stated briefly, is, does the word "passenger" include the "pilot" of the plane.

The trial courts in deciding this question said they were following Warren v. Continental Casualty Co., Tex.Civ.App., 248 S.W.2d 315, and Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762, and held that it did.

In speaking of these two cases, the United States Court of Appeals, Fifth Circuit, had this to say:

"The two appeals are to be decided by the law of Texas, by which the insurance contracts are to be construed and from which the meaning of the contracts is to be determined. The guidance of the dim light of the Texas decisions leaves the meaning of the questioned clauses obscure. Without further enlightenment any judgment we might pronounce would be 'a forecast rather than a determination.' Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 499, 61 S.Ct. 643, 644, 645, 85 L.Ed. 971. The Supreme Court has 'increasingly recognized the wisdom of staying actions in the federal courts pending determination by a state court of decisive issues of state law.' Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, reh. den. 360 U.S. 940, 79 S.Ct. 1442, 3 L.Ed.2d 1552. It is appropriate that this Court stay its hand until the courts of the State of Texas shall have declared the law of the State of Texas which is applicable to and controlling in the disposition of these appeals. Each of the appellants can, and should, promptly initiate a proceeding in a Texas court seeking a declaratory

judgment for the determining of the meaning of the pertinent clauses of the respective insurance contracts, with a review of such judgment by a court of last resort of the State of Texas.

"An order will be entered in each of the appeals staying further proceedings in this Court until the courts of Texas shall have been afforded an opportunity to determine the issues to be submitted. This Court will retain jurisdiction for the purpose of taking such further action as may be required."

In keeping with this instruction, appellant instituted a suit in the District Court of Bexar County, seeking a declaratory judgment upon the question involved. The trial court held that it did not have jurisdiction to render such a declaratory judgment and dismissed the cause, hence this appeal.

We are here very frankly told that this same lawsuit has been tried in the United States District Court for the Western District of Texas, 201 F.Supp. 25, and a final judgment rendered. An appeal was taken to the United States Court of Appeals, Fifth Circuit, and a panel of that Court, one judge dissenting, rendered an opinion, 308 F.2d 484, affirming the judgment of the United States District Court, and the case is still pending in the Circuit Court upon a motion for a rehearing. That Court has now stayed its own hand, as hereinbefore stated.

■ The trial court, under all the facts and circumstances existing in this case, properly held that it had no jurisdiction and dismissed the cause. The Uniform Declaratory Judgments Act, Art. 2524–1, Vernon's Ann.Civ.Stats., does not give to the courts of this State any jurisdiction that they did not theretofore have, except that "No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." Cowan v. Cowan, Tex.Civ.App., 254 S.W.

2d 862. While this Act does authorize Texas Courts to render declaratory judgments, it does not authorize such courts to render advisory opinions. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780. After this case has been tried in the Federal Court and taken by appeal to the U. S. Court of Appeals, Fifth Circuit, and while the case is still pending in that Court on motion for a rehearing, that Court cannot give jurisdiction of the cause to the District Court of Bexar County, simply by staying its own hands, and at the same time retaining jurisdiction of the cause.

■ We can readily understand the desirability of a decision of the Supreme Court of a State, on the part of the Circuit Court, where it is required to follow the law of the State in deciding such questions as we have here, but until the law-making power of this State authorizes such decisions the Courts of this State do not have jurisdiction to render them.

The judgment of the trial court is affirmed.