Juanita Frances PRICE et al., Appellants,

v.

ST. PAUL MERCURY INSURANCE COMPANY, a Corporation, Appellee.

No. 5742.

Court of Civil Appeals of Texas.

El Paso.

Sept. 15, 1965.

Rehearing Denied Dec. 8, 1965.

Collins, Langford, Pine & Coldwell, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, J. F. Hulse, Taylor Nichols, El Paso, for appellee.

CLAYTON, Justice.

This is an appeal from a declaratory judgment of the district court of El Paso County, Texas in which the exclusionary clauses of two policies of insurance were construed by the trial court. The appellee corporation issued two policies of insurance on the life of Charles L. Price, General Manager of Tri-State Wholesale Associated Grocers, Inc., in one of which his wife, one of the appellants here, was named bene-

ficiary, and in the other the grocery company, his employer and the other appellant here, was named beneficiary, each policy being in the amount of $25,000.00. Price was killed while piloting a private airplane on a business trip, at a time when the policies were in full force and effect, and each contained the following exclusion clause:

"The insurance under this policy shall not cover loss directly or indirectly caused or contributed to by: * * * (7) riding in or on any aircraft being used for any purpose such as crop dusting, seeding, skywriting, racing, testing, exploration, or any other purpose except the sole purpose of transportation, or while the Insured is operating, learning to operate, or serving as a member of a crew of an aircraft."

The controversy is over the interpretation of this clause, it having been stipulated below that on the occasion in question the deceased was riding in the aircraft for the sole purpose of transportation, and while he was operating, or serving as a member of the crew of the aircraft; and further, that due and timely notice of loss was made and that appellee refused to make payment under the policies.

Suit was originally brought by the wife and the employer of deceased, appellants here, in the United States District Court for the Western District of Texas, El Paso Division, the claimants contending that they were entitled to judgment for the face amount of the policies plus statutory penalties, attorney's fees and interest, under the terms of the policies, and in the alternative, that the wording of the policies is ambiguous and capable of two constructions, one allowing recovery under the rule of construction that words of limitation will be strictly construed against the insurer and that construction most favorable to the insured must be adopted, relying upon Continental Casualty Company v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953) and Fidelity & Casualty Company of New York v.

Lott, 5 Cir., 1960, 273 F.2d 500 (1960). The insurance carrier replied that the exclusion clause precluded recovery, and was clear and unambiguous. Summary judgment was granted to claimants in the aggregate amount of $67,250.00. The insurance carrier perfected its appeal to the United States Court of Appeals for the Fifth Circuit. That court, 329 F.2d 687, 5 Cir., in opinion No. 20396, March 26, 1964, stated:

"The question of whether an ambiguity exists in the language of a contract is one of law. Lewis v. East Texas Finance Co., 1938, Tex.Ct.Civ. App., 123 S.W.2d 803; Nelson v. Downtain, Tex.Ct.Civ.App., 1922, 249 S.W. 241, reversed on other grounds, Tex.Com.App., 265 S.W. 135; Cameron Mill & Elevator Co. v. Chas. F. Orthwein's Sons, 5 Cir., 1903, 120 F. 463. If the applicable language, here that of the exclusionary clauses, is clear and unambiguous, such meaning must be given to the language as will carry out and effectuate the intention of the parties. In that event, rules of construction, such as adopting that construction most favorable to the insured, are not to be applied. General American Indemnity Company v. Pepper, 1960, 161 Tex. 263, 339 S.W.2d 660. On the other hand, if ambiguity exists, construction in accordance with applicable rules is in order.

"We would ordinarily proceed to a disposition of this matter in the light of these rules and the facts presented. However, in an en banc decision rendered under date of February 4, 1964 in two cases, United Services Life Insurance Company v. Delaney, [No. 19,531;] (Paul Revere Life Insurance Company v. First National Bank in Dallas), 328 F.2d 483, this court determined to stay its hand until the courts of the State of Texas have been afforded an opportunity of declaring the law applicable to the exclusionary clauses there involved where the losses involved also had resulted from aircraft flights. The problem in those cases, as well as here, goes back to Warren case, supra, and the scope of its teaching. One panel of this court thought Warren controlling in United Services Life Insurance Company v. Delaney, 5 Cir., 1962, 308 F.2d 484; and another doubted its applicability in a similar case, Revere; hence, the en banc consideration. The case now at bar, while differing from all three to some extent on its facts, is not sufficiently different to warrant our deciding it short of not only obtaining such enlightment as may be forthcoming from the Texas courts in the United Services Life Insurance Company v. Delaney, and Revere cases but as may be gained from giving it the same treatment.

"We said with respect to those cases:

'* * * Each of the appellants can, and should, promptly initiate a proceeding in a Texas court seeking a declaratory judgment for the determining of the meaning of the pertinent clauses of the respective insurance contracts, with a review of such judgment by a court of last resort of the State of Texas.

'An order will be entered in each of the appeals staying further proceedings in this Court until the courts of Texas shall have been afforded an opportunity to determine the issues to be submitted. This Court will retain jurisdiction for the purpose of taking such further action as may be required.'

"That course will be followed here. It is so ordered."

Pursuant to this Opinion the appellee insurance corporation began the present

action for Declaratory Judgment in the District Court of El Paso County, the respective parties taking the same position as in the Federal courts. In addition to the stipulations earlier mentioned in this opinion, it was further agreed that there were no fact issues for determination. The trial judge entered judgment for appellee and found that the language of the policies excluded the insured from coverage and that such language was plain, clear and definite. This appeal was then taken.

In the case of United Services Life Insurance Company v. Delaney, referred to in the opinion of the United States Circuit Court, and in which a stay order was entered as in the case before us, suit for declaratory judgment was filed by the insurance carrier in the District Court of Bexar County, Texas, which court held that it was without jurisdiction to render such a judgment. On appeal, the Court of Civil Appeals, United Services Life Insurance Company v. Delaney, 386 S.W.2d 648, 650 (now pending on submission before the Texas Supreme Court), recited:

"We are here very frankly told that this same lawsuit has been tried in the United States District Court for the Western District of Texas, 201 F.Supp. 25, and a final judgment rendered. An appeal was taken to the United States Court of Appeals, Fifth Circuit, and a panel of that Court, one judge dissenting, rendered an opinion, 308 F.2d 484, affirming the judgment of the United States District Court, and the case is still pending in the Circuit Court upon a motion for a rehearing. That Court has now stayed its own hand, as hereinbefore stated.

"The trial court, under all the facts and circumstances existing in this case, properly held that it had no jurisdiction and dismissed the cause. The Uniform Declaratory Judgments Act, Art. 2524–1, Vernon's Ann.Civ.Stats., does not give to the courts of this State any jurisdiction that they did not theretofore have, except that 'No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.' Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862. While this Act does authorize Texas courts to render declaratory judgments, it does not authorize such courts to render advisory opinions. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780. After this case has been tried in the Federal Court and taken by appeal to the U. S. Court of Appeals, Fifth Circuit, and while the case is still pending in that Court on motion for a rehearing, that Court cannot give jurisdiction of the cause to the District Court of Bexar County, simply by staying its own hands, and at the same time retaining jurisdiction of the cause.

"We can readily understand the desirability of a decision of the Supreme Court of a State, on the part of the Circuit Court, where it is required to follow the law of the State in deciding such questions as we have here, but until the law-making power of this State authorizes such decisions the Courts of this State do not have jurisdiction to render them.

"The judgment of the trial court is affirmed."

We are in accord with the reasoning and holding of the San Antonio Court of Civil Appeals as above set out, and here hold that the trial court below was without jurisdiction to pass on the matter before it, as we are here, and we accordingly dismiss the cause of action.

Cause dismissed for want of jurisdiction.