**UNITED SERVICES LIFE INSURANCE COMPANY, Appellant,**

v.

**Joan Flores DELANEY, Appellee.**

**No. 19531.**

United States Court of Appeals
Fifth Circuit.

March 31, 1966.

Gewin, Circuit Judge, dissented.

Bond Davis, San Antonio, Tex., Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, Tex., of counsel, for appellant.

Horace P. Shelton, Jr., San Antonio, Tex., for appellee.

EN BANC before TUTTLE, Chief Judge, and BROWN, WISDOM, GEWIN, BELL, THORNBERRY, and COLEMAN, Circuit Judges.

PER CURIAM.

The District Court rendered judgment in this case for appellee, the beneficiary under a contract of life insurance on her husband who was killed while on a night training flight in an army airplane which he was piloting and in which he was the sole occupant. A divided panel of this court affirmed. United Services Life Insurance Company v. Delaney, 5 Cir., 1962, 308 F.2d 484. The case was considered *en banc* on motion for rehearing. We then abstained from further consideration of the matter and instructed appellant to institute a declaratory judgment proceeding in the Texas State courts for a determination of coverage, the single issue in the case. United Services Life Insurance Company v. Delaney, 5 Cir., 1964, 328 F.2d 483. Certiorari was denied in the companion case, covered by the same opinion. Paul Revere Life Insurance Company v. First National Bank in Dallas, Administrator, 377 U.S. 935, 84 S.Ct. 1335, 12 L.Ed.2d 298. The subsequent declaratory judgment action instituted by appellant in Bexar, Texas was dismissed for lack of jurisdiction and the Supreme Court of Texas affirmed. United Services Life Insurance Company v. Delaney, Tex., 1965, 396 S.W.2d 855. The affirmance was on the ground that the case was still pending in the federal courts and Texas State courts did not have constitutional authority to render an advisory opinion. For a history of the state court proceedings in

two related cases, Paul Revere Life Insurance Company v. First National Bank in Dallas, Administrator, and St. Paul Mercury Insurance Company v. Price, see our opinions this day rendered in those cases. 359 F.2d 641, and 359 F.2d 74.[1]

The opinion of the District Court and the affirmance by the panel of our court first considering this case resulted from a Texas authority deemed controlling. Continental Casualty Company v. Warren, 1953, 152 Tex. 164, 254 S.W.2d 762. We distinguished that case in our decision of today in the Paul Revere case. As was true there, we find nothing outside the exclusionary language of the policy which logically bears on the intended coverage so as to create an ambiguity in the exclusionary language. Thus any ambiguity must be found in the language of the exclusion itself. It excludes coverage "* * * except death resulting from traveling as a passenger on an aircraft owned and operated by the United States Government or as a passenger on a scheduled passenger air service regularly offered between specified airports * * *".

We held in *Paul Revere* that "passenger" as used in a similar context did not include a pilot. The husband of Mrs. Delaney was the pilot of the plane in which he met his death. For the reasons stated in the dissenting opinion of Judge Wisdom on the first appearance of this case, 308 F.2d 484, 488, and because it cannot be distinguished from our decision of today in *Paul Revere,* appellant's motion for rehearing is granted, the decision of this court of September 26, 1962 is vacated, the judgment of the District Court is reversed, and the case is remand for further proceedings not inconsistent herewith.

Motion for rehearing granted; prior decision vacated; reversed and remanded.

1. Judge Cameron was a member of the panel originally hearing this case. 308 F.2d 484. He is now deceased. Judges Hutcheson, Rives, and Jones have become Senior Judges since the abstention opin-

GEWIN, Circuit Judge (dissenting):

For reasons stated in my dissent in the case of Paul Revere Life Insurance Company v. First National Bank in Dallas, Administrator, decided on this date, 359 F.2d 641, I adhere to the majority opinion originally rendered in this case, United Services Life Insurance Company v. Delaney, (5 Cir. 1962) 308 F.2d 484.

I respectfully dissent.

ions. Judges Thornberry and Coleman have become members of the court since the abstention opinions and they participate by virtue of 28 U.S.C.A. § 46(c).