**ST. PAUL MERCURY INSURANCE COMPANY, Appellant,**

v.

**Juanita Frances PRICE and Tri-State Wholesale Associated Grocers, Inc., Appellees.**

**No. 20396.**

United States Court of Appeals
Fifth Circuit.
March 31, 1966.

J. F. Hulse, Taylor Nichols, Scott, Hulse, Marshall & Feuille, El Paso, Tex., for appellant.

Robert S. Pine, John A. Langford, Collins, Langford, Pine & Woodard, El Paso, Tex., for appellees.

Before HUTCHESON, GEWIN, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

The issue in this case concerns whether coverage is afforded an airplane pilot in view of an exclusion in an insurance contract. As in Paul Revere Life Insurance Company v. First National Bank in Dallas, Administrator, 5 Cir., 1966, 359 F.2d 641, we abstained on the previous appearance of the case.[1] St. Paul Mercury Insurance Company .v. Price, 5 Cir., 1964, 329 F.2d 687.

In the interim, *St. Paul Mercury* obtained a declaratory judgment in the District Court for El Paso County, Texas that there was no coverage under the policy in question but the case was dismissed in view of the holding of the Supreme Court of Texas in United Services Life Insurance Co. v. Texas, Tex., 1965, 396 S.W.2d 855 that the court lacked jurisdiction to render a declaratory judgment while the federal courts retained jurisdiction. Thus the case is now ripe for decision.

The pertinent facts are set out in our abstention opinion of March 26, 1964. 329 F.2d 687, supra. It has since been stipulated that insured decedent was operating the aircraft at the time he met his death. The only question is whether the following exclusion applies:

"The insurance under this policy shall not cover loss directly or indirectly caused or contributed to by: * * * riding in or on any aircraft being used for any purpose such as crop dusting, seeding, skywriting, racing, testing, exploration, or any other purpose except the sole purpose of transportation, or while the insured is operating, learning to operate,

---

1. See the *Paul Revere* opinion for a statement of the state court proceedings following abstention in *Paul Revere*, this case, and the *United Services* case.

or serving as a member of a crew of an aircraft."

█ The federal District Court held that it did not and rendered summary judgment for appellees who were the beneficiaries. Appellees took the position there that the language of the exclusion is ambiguous and capable of two constructions. One, purporting to exclude recovery and the other allowing recovery. Therefore, they contended, recovery was forthcoming under the well established rule that words of limitation will be strictly construed against the insurer. Continental Casualty Company v. Warren, 1954, 152 Tex. 164, 254 S.W.2d 762. And that, as noted in *Continental Casualty*, the interpretation offered by claimants need be no more than one which is not itself unreasonable.

The construction appellees would put on the exclusion, and which was adopted by the District Court, was that there were two exceptions to the exclusion. The first exception was of loss incurred when riding in an aircraft for the sole purpose of transportation. All agree that this is an exception. Second, they say that a loss incurred while the insured is operating, learning to operate, or serving as a member of the crew of an aircraft is also excepted. This is the bone of contention and the subject matter of this appeal.

█ The question of whether an ambiguity exists in the language of a contract is one of law. Lewis v. East Texas Finance Co., 1938, Tex.Ct.Civ. App., 123 S.W.2d 803; Nelson v. Downtain, Tex.Ct.Civ.App., 1922, 249 S.W. 241, reversed on other grounds, Tex. Com.App., 265 S.W. 135; Cameron Mill & Elevator Co. v. Chas. F. Orthwein's Sons, 5 Cir., 1903, 120 F. 463. If the applicable language, here that of the exclusionary clauses, is clear and unambiguous, such meaning must be given to the language as will carry out and ef-

fectuate the intention of the parties.[2] In that event, rules of construction, such as adopting that construction most favorable to the insured, are not to be applied. General American Indemnity Company v. Pepper, 1960, 161 Tex. 263, 339 S.W.2d 660. On the other hand, if ambiguity exists, construction in accordance with applicable rules is in order.

█ For the reasons given in the *Paul Revere* opinion, supra, this date decided, we hold the *Continental Casualty* decision, also supra, to be inapposite. There is no language outside the exclusionary provision which logically bears on the intended coverage, i. e., the exclusion or any exception to it. We must thus decide as a matter of law whether an ambiguity exists in that provision alone. It is plain to us that the exception in the exclusion which affords coverage where the insured is riding in an aircraft for the sole purpose of transportation does not also embrace the balance of the sentence " * * * or while the insured is operating, learning to operate, or serving as a member of a crew of an aircraft." Each excluded activity is set off by commas. Each is separate. Thus the activity " * * * or any other purpose except the sole purpose of transportation, * * * ", referring to riding in an aircraft, is separate. The exception does not modify the balance of the excluded activity in the provision.

We find no ambiguity. Judgment should be rendered in the District Court for the insurance company and the case is remanded for this purpose.

Reversed and remanded with directions.

GEWIN, Circuit Judge (concurring specially):

I concur in the result solely because it is clear to me that the policy provision in question is not ambiguous. In my view the majority opinion is anchored

2. An ambiguity is defined in Texas as "an uncertainty of meaning or expression used in a written instrument: wanting clearness or definiteness; difficult to compre-

hend or distinguish; or doubtful import." Business Men's Assur. Ass'n v. Read, 1932, Tex.Ct.Civ.App., 48 S.W.2d 678, 680.

to a fallacious interpretation of the law by the assertion:

"For reasons given in the *Paul Revere* opinion, supra, this date decided, we hold the *Continental Casualty* decision, also supra, to be inapposite."

For reasons stated in my dissent in *Paul Revere* I consider the majority's interpretation of the law of Texas as expounded in the *Continental Casualty* case to be in error.