## HUGHES v. AMERICAN NAT. INS. CO. et al.

### No. 13484.

Court of Civil Appeals of Texas. Dallas.

Jan. 28, 1944.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster and Henry D. Akin, all of Dallas, for appellees.

BOND, Chief Justice.

On June 13, 1935, American National Insurance Company executed and delivered to Tom P. Stephens a policy of insurance, providing monthly income of $25 for life to the insured if living on the first day of February, 1954 (maturity date), and should the insured die before 118 months' payments had been made, the commuted value of the remainder of the fixed income period payments would be made to Theresa P. Stephens, wife of the insured; or if the insured died prior to the maturity date, the company would pay the monthly income to the wife during the fixed income period and no longer, provided that, "if death of original beneficiary occur before completion of 118 months' payments the commuted value of remainder of said payments will be made to the estate of the original beneficiary." On July 27, 1937, the above stipulations were modified in the following particular: "In the event of the death of the insured prior to the maturity date of the contract, proceeds to be payable in monthly installments for ten (10) years, * * * to Theresa P. Stephens, wife of the insured, if living; otherwise, to the contingent beneficiary, Bina S. Stephens, mother."

Tom P. Stephens died on October 13, 1938, leaving surviving Theresa P. Stephens, his wife, and Bina S. Stephens, his mother; and thereafter, Theresa P. Stephens was paid the monthly installments according to the terms of the policy until her death. She died on May 2, 1942. The sole question involved in this appeal is whether the unpaid monthly installments of the proceeds of the policy on the life of Tom P. Stephens, deceased, maturing after the death of the original beneficiary, should go to the estate of Theresa P. Stephens, deceased wife of the insured, or to the contingent beneficiary, Bina S. Stephens, surviving mother of the insured. On trial before the court, without the intervention of a jury, judgment was rendered awarding the installments maturing after the death of the original beneficiary to the contingent beneficiary, Bina S. Stephens, as against the Insurance Company and the administrator of the estate of Theresa P. Stephens, deceased.

Since the last endorsement on the policy in question provided that the monthly installments on the policy were to be paid to Theresa P. Stephens, if living, otherwise, to the contingent beneficiary, Bina S. Stephens, we think the trial court correctly held that the installments accruing after the death of Theresa P. Stephens were payable to such contingent beneficiary. The con-

tingency upon which same was to be paid her had happened, and clearly within the terms of the modified provision of the policy, the monthly installments belonged to the mother. We fail to see how there can be any serious contention that any other meaning could be given the language employed. The provision is plain that the monthly installments were to be paid to the wife, if living, otherwise to the mother. The wife received them during her lifetime; the mother is entitled to the commuted value of the remainder. The clear meaning of the words must be given effect. "* * * where a contract is clear and unambiguous there is nothing to be construed. In such circumstances arbitrary rules of construction should not be resorted to; the contract must be performed as written, and the court will enforce it according to its terms." 10 T.J. 271, 272. There is nothing about the provision to render it invalid or unenforceable; hence the unmatured monthly installments were due and owing to the contingent beneficiary as found by the trial court. The judgment of the court below is affirmed.

Affirmed.