*Mildred BYBEE, Appellant,*

v.

**JOHN HANCOCK MUTUAL LIFE INSUR-
ANCE COMPANY, Appellee.**

No. 748.

Court of Civil Appeals of Texas,
Tyler.

Feb. 14, 1974.

Rehearing Denied March 14, 1974.

Wright & Barber, Paul Schaumburg,
Grand Prairie, for appellant.

Golden, Potts, Boeckman & Wilson, H.
David Herndon, Dallas, for appellee.

DUNAGAN, Chief Justice.

Mildred Bybee, the appellant here and
plaintiff in the trial court, brought suit
against appellee, John Hancock Mutual

Life Insurance Company, to recover upon a hospitalization insurance policy issued by appellee. The facts of the case are simple. Appellant's husband, a covered dependent under the policy in question, incurred $17,421.50 in actual hospital expenses. Because the appellant's husband was over 65 years of age he was entitled to receive certain benefits from medicare. The amount paid by Medicare amounts to $16,416.30, thus leaving the sum of $1,005.20 owing to the hospital. Appellant then filed her claim for the amount of hospital expenses that Medicare failed to pay. The appellee denied liability on the basis that an amendment to appellant's insurance policy precluded liability whenever medicare payments exceeded the total policy limits, which according to the policy was $6,566.-50. Appellant and appellee both moved for summary judgment and the trial court granted judgment in favor of the appellee insurance company.

It is undisputed that the appellant's husband is an insured under the John Hancock Mutual Life Insurance Company's policy. The amount of medical expenses incurred, and the amount of medicare payments are also undisputed. The sole controversy involves the interpretation of an amended provision which became part of the policy in 1968. The relevant portions of the provision read as follows:

"Each coverage in this policy which provides benefits for expenses incurred is amended by the addition of the following exclusion:

"The benefits payable under this coverage for expenses incurred by a subject person, as determined prior to the application of the provision for the coordination of Benefits under this Policy with other benefits, *shall be the excess, if any*, of (a) the benefits determined without regard to this amendment, *over* (b) the amount of benefits provided for the same expenses under full Medicare coverage. (Emphasis added.)

Appellant's first point of error is that the policy language is vague, confusing, and poorly worded, thus causing the policy to be ambiguous and susceptible of two meanings. If such a contention, as appellant makes in the point of error, is correct, then under existing case law several legal principles are used to construe the policy. These principles are outlined with authorities cited in 32 Tex.Jur.2d, sec. 60, Insurance, pages 121–125 as follows:

"It is a settled principle of insurance law that language of a policy that is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. In other words, when the contract is capable of two constructions, under one of which recovery is allowed but under the other of which it is denied, that construction will be given which permits a recovery * * *. However, the rule as to interpretation in favor of the insured is invoked only where there is ambiguity calling for construction; when a party dealing with an insurance company has made a contract that is unambiguous in its terms, courts will construe and enforce it in the same way as if it had been made between natural persons. This rule is not so applied as unreasonably to destroy the plain meaning of policies, nor to make new contracts between insured and insurer, since equal justice must be done between the parties."

It is elementary that the basic rules of construction are to be used only when there exists some uncertainty as to the meaning of the contract or some portion thereof. General American Indemnity Company v. Pepper, 161 Tex. 263, 339 S. W.2d 660 (1960); Wood Motor Company v. Nebel, 150 Tex. 86, 238 S.W.2d 181 (1951); Hinson v. Nobel, 122 S.W.2d 1082 (Tex.Civ.App., Fort Worth, 1938, n. w. h.); Hughes v. American Nat. Ins. Co., 177 S.W.2d 801 (Tex.Civ.App., Dallas, 1944, n. w. h.); J. R. Gray Co. v. Jacobs, 362 S.

W.2d 167 (Tex.Civ.App., Austin, 1962, writ ref'd n. r. e.). If the language of the above quoted insurance contract is not susceptible of two meanings, then the above rules of construction do not come into play. A court therefore is not at liberty to revise an insurance provision while purporting to construe it. General American Indemnity Company v. Pepper, supra; Members Mutual Insurance Company v. Randolph, 477 S.W.2d 315 (Tex.Civ.App., Houston (1st), 1972, writ ref'd n. r. e.). Insurance contracts are to be construed the same as other contracts. General American Indemnity Company v. Pepper, supra. It is also well established that a contract is to be viewed in accordance with its plain language. General American Indemnity Company v. Pepper, supra. A contract can be said to be ambiguous if the language used is susceptible to more than one interpretation or meaning. Smith v. Davis, 453 S.W.2d 340 (Tex.Civ.App., Fort Worth, 1970, writ ref'd n. r. e.); Jones v. Dumas Development Co., 229 S.W.2d 936 (Tex.Civ.App., Amarillo, 1950, writ ref'd n. r. e.); Piper, Stiles & Ladd v. Fidelity and Deposit Company of Maryland, 435 S.W.2d 934 (Tex.Civ.App., Houston (1st), 1969, writ ref'd n. r. e.). However, if such a contract is not reasonably susceptible of more than one meaning, the effect that is given the contract will be determined from the language of the contract alone. Piper, Stiles & Ladd v. Fidelity and Deposit Company of Maryland, supra; Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961).

■ The disposition of this case will be made according to the interpretation this court gives to the particular clause which is in controversy. Appellant submits that there is ambiguity in the above mentioned clause. After careful consideration we find that we cannot agree with such a contention. The purpose of the clause is explained in the introductory language of the amendment, i. e., "each coverage in this policy * * * is amended by the addition of the following exclusion." The amendatory clause is therefore an exclusion as the language plainly states. The relevant portions of the clause are as follows:

> "The benefits payable under this coverage * * * *shall be the excess, if any,* of
>
> (a) the benefits determined without regard to this amendment, *over,*
>
> (b) the amount of benefits provided for the same expenses under full Medicare coverage." (Emphasis added.)

This language means simply that the benefits payable are the excess, if any, of (a) over (b). The key words would appear to be "excess" and "over." Excess, in Webster's New World Dictionary means, "an amount or quantity greater than is necessary, desirable, usable; the amount or degree by which one thing is greater or more than another; remainder; surplus." Over, in the American Heritage Dictionary of the English Language means among other things, "in or at a position above or higher than; more than in degree, quantity, or extent; in preference to; above the top or surface; in addition or excess; surplus; something remaining or extra." The language of the clause clearly means that the amount due is the surplus, if any, when the (a) figure is greater than the (b) figure. Examples are appropriate. Suppose that Mrs. Bybee's husband had incurred covered medical expenses of $5,000.00. Also suppose that medicare payments had amounted to $4,000.00. Under the policy the maximum liability of the appellee insurance company is $6,566.50. Now taking the language of the policy's amendatory clause the liability of the appellee would be as follows: the excess, if any, of (a) $5,000 over (b) $4,000. The excess would be $1,000.00 and that would be the amount of appellee's liability. Now taking the second example, suppose the appellant's husband incurred $8,000 in covered medical expenses. Medicare then paid $7,500 of the total covered expenses. Using the formula, the excess if any of (a) over (b) gives the re-

sult. Under (a) the appellee is liable for the excess, if any, of $6,566.50, over (b) $7,500.00. Because there is no excess of (a) over (b) the appellee has no liability.

Our present situation is the same as the second example. The medicare payments exceed the appellee's maximum liability and there is no excess as is required by the policy language. Using this construction, the appellee would not be liable for the $1,005.20 that the appellant has sued for.

Appellant's second point of error is merely a restatement of her first point. That point also is contingent upon a finding that the policy language is susceptible of two meanings. However, our holding is definitely that the policy cannot be so interpreted and the second point is overruled.

It cannot be denied that a layman might have difficulty in understanding the policy language we have dealt with in this case, but there are no pleadings to the effect that a fraud occurred, or that an accident or mistake took place. In the absence of fraud, accident or mistake it is conclusively presumed that the parties to the contract were familiar with and understood the subject matter of it and that the contract terms used by them were intended to be given the ordinary and popularly accepted meanings. American Casualty & Life Co. v. Combs, 228 S.W.2d 897 (Tex. Civ.App., Amarillo, 1950, writ ref'd n. r. e.); Panhandle Gravel Co. v. Wilson, 248 S.W.2d 779 (Tex.Civ.App., Amarillo, 1952, writ ref'd n. r. e.). This court cannot make a new contract between the parties, but must enforce the contract as it is written. As was stated by the Supreme Court of Texas in the case of British America Assur. Co. v. Miller, 91 Tex. 414, 44 S.W. 60, 30 L.R.A. 545, 66 Am.St.Rep. 901 (1898): "In other words, the court will not hold that the insurance company did not intend to insure that which it expressly contracted to insure; on the other hand, courts will not so construe plain language as to make a contract embrace that which

it was intended not to include." See also Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex.Sup.1965).

The judgment of the trial court is affirmed.