**Madelyn COKER, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

No. 18701.

Court of Civil Appeals of Texas, Dallas.

Jan. 22, 1976.

Paul J. Chitwood, Chitwood, Riley & Snyder, Inc., Dallas, for appellant.

Stephen S. Livingston, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

AKIN, Justice.

Madelyn Coker sued the Travelers Insurance Company on a group health insurance policy for medical expenses incurred as a result of a total hip displacement. The question presented is whether the term "Medicare" as defined in the master policy is limited to persons over sixty-five years of age or also includes disabled persons regardless of age.

The policy in question was a group policy between the defendant insurance company and a national railway union for the benefit of its employees, their dependents, and their survivors. The policy provided four basic types of coverage designated as Plans A, B, C and D, each of which provided different benefits and different premiums. Plaintiff, widow of a deceased union member, enrolled in Plan C of the policy in 1970 and paid monthly premiums of $27. Plans A, B and C were available only to persons under sixty-five years of age whereas Plan D was designated specifically for persons sixty-five years of age or older. Plan D provides for a premium of $7.50 per month and substantially reduced benefits. Only Plans C and D are relevant here because plaintiff filed a claim for benefits payable under Plan C. The claim was denied by defendant which asserted that plaintiff was eligible only for Plan D benefits.

Plaintiff, who at all relevant times was under sixty-five years of age, entered the hospital on July 10, 1973, after becoming eligible for Social Security health benefits for the disabled on July 1, 1973. Prior to October 30, 1972, Medicare benefits were limited to persons sixty-five years of age or older; however, Congress amended the Social Security Act effective on October 30 to include persons who were totally disabled for a period of twenty-four months regardless of age. 42 U.S.C.A. §§ 1395c and 1395j (1972). Defendant contends that plaintiff was entitled only to Plan D benefits because under the October 30 Act she was eligible for Social Security health benefits for the disabled, on July 1, 1973—ten days before her operation. This is true, defendant argues, because the master policy was amended on February 12, 1973, to limit persons "eligible under Medicare" to Plan D benefits, thus excluding these persons from coverage under Plan C. No other change was made in the master policy and plaintiff received no notice of this amendment.

Plaintiff contends that she is covered under Plan C because the definition in the master policy limits the term "Medicare" to benefits for persons over sixty-five years of age. The trial court construed the policy to include plaintiff as a "person eligible under Medicare," and was, therefore, limited to the benefits under Plan D. Accordingly, the court rendered judgment for defendant and plaintiff appeals. We reverse and render as to liability because we hold that the term "Medicare" in the policy is ambiguous and must be construed in favor of plaintiff.

A contract is ambiguous when application of rules of construction leaves it uncertain which of the two meanings is proper. *Wynnewood State Bank v. Embrey*, 451 S.W.2d 930 (Tex.Civ.App.— Dallas 1970, writ ref'd n. r. e.). Ambiguity is a question of law rather than of fact. *Brown v. Payne*, 142 Tex. 102, 176 S.W.2d 306 (1943). The rules of construction applied to insurance contracts are set forth in *Kelley v. American Insurance Co.*, 316 S.W.2d 452 (Tex.Civ.App.—Texarkana 1958), *affirmed*, 160 Tex. 71, 325 S.W.2d 370 (1959) as follows:

(1) An insurance policy will be construed strictly against the insurer; (2) when the terms of an insurance contract are capable of two or more constructions and under one a recovery is allowable and under the other it is denied, the construction which permits recovery will be given the policy; (3) forfeitures of insurance coverage are not favored; and (4) if a fair and reasonable construction of an insurance contract will permit, a meaning will be given to its language that effectuates a contract of insurance rather than defeats it.

*Southwestern Fire and Casualty Co. v. At-kins*, 346 S.W.2d 892 (Tex.Civ.App.—Houston 1961, no writ); *see also Trahan v. Southland Life Insurance Co.*, 155 Tex. 548, 289 S.W.2d 753, 755 (Tex.1956).

■ We conclude that the policy is ambiguous. Article I, paragraph 7 of the master policy defines Medicare as:

> The term 'Medicare' as used herein means the Health Insurance For The Aged program under Title XVIII of the Social Security Act as such Act was amended by the Social Security Amendments of 1965 (Public Law 89–97) and 1967 (Public Law 90–248), *as such program is currently constituted and as it may be later amended.* [Emphasis added.]

Since this definition contains the phrase "as it may later be amended" and, since Congress did amend Title XVIII of the Social Security Act, effective October 30, 1972, to include disabled persons under sixty-five years of age, "persons eligible under Medicare," under this policy, may be construed to include disabled persons under sixty-five years of age. Elsewhere, however, the policy indicates that the term "persons eligible under Medicare" is limited to persons over sixty-five years of age. For instance, Article II, Section B states:

> .     .     .     .     .
>
> 1.(c) A Retired Employee shall be insured hereunder only for the insurance described below and for which he is a Contributing Employee.
>
> (i) As to each Retired Employee, and each Retired Employee's Dependent, *who is a Person Eligible Under Medicare (the first day of the month in which he attains age 65*; if an individual's birthday is on the first of the month he is considered *to reach 65 in the previous month), the insurance as set forth in Article V (Plan D),* and as

to each other Retired Employee and each other Dependent of a Retired Employee, the Plan A, Plan B or Plan C insurance available to and elected by the Retired Employee at the time he becomes a Contributing Employee.

> .     .     .     .     .
>
> From and after the date an individual becomes *a Person Eligible Under Medicare (the first day of the month in which he attains age 65*; if an individual's birthday is on the first of the month he is considered to reach 65 in the previous month), such individual may be covered only for the benefits applicable to Persons Eligible Under Medicare and all other insurance with respect to such individual under this policy shall terminate as of the day immediately preceding such date. [Emphasis added.]

When the master policy itself was amended on February 13, 1973, it retained all of the language set forth above but did not refer to the Congressional amendment of October 30, 1972. Indeed, the definition of Medicare in the policy carefully refers to amendments of the Social Security Act in 1965 and 1967, but does not refer to the significant amendment of October 30, 1972, which extended Medicare Social Security benefits to the disabled regardless of age. This the company could have done in the February 1973 amendment to the policy by specifically changing the definition of Medicare.

The reasonableness of this second construction of the policy is shown by defendant's apparent adoption of this construction in the booklet which defendant sent out in May 1973, after the change in the Social Security Act in October 1972, and after the amendment of February 1973. This booklet sets forth in layman's terms persons eligible under Plans A, B, C and D, and includes the following:

Plans A, B, C 

applicable to ⎱ Persons under sixty-five years of age.

After detailing the benefits under Plans A, B and C, the booklet then states:

Plan D

applicable to ⎱ Persons eligible under Medicare (age sixty-five and over).

Defendant argues, however, that since the definition of Medicare in the policy referred to the current Social Security Act and contained the language "as it may later be amended," the definition encompassed the October 30, 1972 Act, and, therefore, included persons such as plaintiff. We cannot agree. Since the policy amendment of February 1973 was executed after the passage of the Act and since the language defining Medicare was not changed by the policy amendment, we conclude that this argument is without merit. This is especially true here because the definition in paragraph 7 specifically refers to the amendments in the Act passed in 1965 and 1967.

Defendant argues further that the amendment of February 12, 1973, "suggests" that there was a change made as to the date on which an individual may be covered only under Plan D and could not be eligible for Plan C coverage. We cannot agree with defendant's conclusion. If defendant insurance company intended this meaning it could have specifically amended the definition of "Medicare" in the master policy to include the disabled, but it failed to do so. Indeed, insurance companies should write policies in clear language, understandable by persons without legal expertise, so that policyholders may fully know the extent of their coverage.

Defendant also argues that Article IV which sets forth the benefits available under Plan C states that no payment shall be made under any part of Article IV of this policy for any expense incurred by any individual from and after the date he becomes a person eligible under Medicare. This argument assumes that the term "persons eligible under Medicare," as defined in the policy, includes categories of persons other than those sixty-five years or over; however, that term, as we read it, is not clearly so defined. We conclude, therefore, that this argument is also without merit.

Since the language in this insurance policy is capable of two constructions, one of which permits recovery and the other denies recovery, we must construe the policy to provide coverage. *Kelley v. American Insurance Co., supra* at 455. We hold, therefore, that this language as well as the language defining "Medicare" should be construed to provide plaintiff Plan C benefits.

Consequently, we reverse and modify the judgment of the trial court as follows: Judgment is hereby rendered for plaintiff in the sum of $3,362.60 (the difference between Plan D benefits paid and benefits recoverable under Plan C) with interest thereon at six percent per annum from March 17, 1975, plus an additional twelve percent of this total sum as penalty for delay in payment pursuant to Article 3.62 of the Texas Insurance Code (Vernon 1963). Since Article 3.62 also provides for reasonable attorney's fees for plaintiff's attorneys and since this amount was not established, we must sever our judgment above and remand this cause to the trial court solely for a determination of the amount of reasonable attorney's fees to be awarded plaintiff's attorneys. Tex.R.Civ.P. 320, 434.

Reversed and modified in part and remanded in part.