BANKERS COMMERCIAL LIFE INSURANCE COMPANY, Appellant,

v.

Evelyn MERRELL, Appellee.

No. 8867.

Court of Civil Appeals of Texas, Amarillo.

March 13, 1978.

Rehearing Denied April 10, 1978.

**692**

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

La Font, Tunnell, Formby, La Font & Hamilton, Mark W. Laney, Plainview, for appellee.

DODSON, Justice.

This is an action on an insurance policy. Evelyn Merrell, plaintiff-appellee, sued Bankers Commercial Life Insurance Company, defendant-appellant, for proceeds alleged due under an accidental death supplement to a medical insurance policy.

Mrs. Merrell's husband, Robert Merrell, the insured, was killed when his pickup collided with a train on April 6, 1976. The accidental death supplement provided for payment of $1,000 if the insured died an "ordinary accidental death" and $2,000 if death resulted from bodily injuries sustained while riding in, operating or driving a "private passenger automobile." In the supplement, the term "private passenger automobile" was defined to exclude various vehicles, including "any . . . truck" from the provision's coverage. The insurance company paid Mrs. Merrell $1,000 under the "ordinary accidental death" provision, but refused to pay an additional $1,000, asserting that Mr. Merrell was not killed in a private passenger automobile as defined by the supplement.

After a non-jury trial, the court entered judgment for Mrs. Merrell for the additional $1,000 plus attorney's fees and a statutory penalty. From this judgment, the Insurance Company appeals. We reverse and render.

It is undisputed that Mr. Merrell died as a result of injuries sustained by him when his pickup collided with the train and that Mrs. Merrell, his beneficiary under the insurance policy, is entitled to recover an additional $1,000 if his pickup was not excluded by the definition of "private passenger automobile" in the supplement.

In part, the Insurance Company contends that the judgment should be reversed and rendered in its favor because the pickup is excluded as a matter of law by the definition of "private passenger automobile." However, Mrs. Merrell says the question is one of fact. She maintains that the policy should be strictly construed against the insurance company because the definition does not specifically exclude a "pickup." Thus she contends that the judgment should be affirmed because the definition is ambiguous and doubtful in its meaning, rendering it susceptible to more than one reasonable construction. We do not agree with Mrs. Merrell's contentions.

The accidental death supplement states:

"Private passenger automobile" shall not include any motor bus, stage, taxicab, jitney, ambulance, truck, tractor, delivery car, motorcycle (with or without side car), nor any vehicle in the service of Police or Fire Department or Salvage Corps, or in racing or in testing.

By common and accepted definitions the word "pickup" when used as descriptive of a motor vehicle means "a pickup truck." A "pickup truck" is a "small, light truck with an open back, used for light hauling." A "truck" is "a motor vehicle designed primarily for the carrying of things rather than people, ranging in size from small vehicles used to carry tools, deliver parcels, etc., to large vehicles used to carry very heavy objects, commodities in bulk, etc."[1]

1. The World Book Encyclopedia Dictionary, 1966, at pages 1468 and 2090, respectively.

The undisputed and stipulated facts show that the vehicle in question was a pickup truck by type and design. Although Mr. Merrell used the pickup for both his farming business and his personal pleasure, we specifically determine that the pickup truck is excluded from coverage under the policy by classification of type and design rather than use.

When, as here, the language of the insurance contract is plain, clear, unambiguous, and without doubtful meaning, it must be enforced as made. Here, the insurance contract must be construed as other contracts. And the court must give "effect to the intention of the parties as expressed or apparent in the writing." *Republic National Life Insurance Company v. Spillars*, 368 S.W.2d 92, 94 (Tex.1963) and *Royal Indemnity Company v. Marshall*, 388 S.W.2d 176 (Tex.1965). Also, under these authorities we conclude that the rule of strict construction of insurance contracts in favor of the insured has no application in this case.

Mrs. Merrell relies on *Mutual Benefit Health and Accident Association v. Hudman*, 385 S.W.2d 509 (Tex.Civ.App.—Austin 1964), *rev'd on other grounds*, 398 S.W.2d 110 (Tex.1965); *Prudential Insurance Company of America v. Lucas*, 456 S.W.2d 429 (Tex.Civ.App.—Austin 1970, writ ref'd n. r. e.); *State Farm Mutual Automobile Insurance Company v. Durrett*, 472 S.W.2d 214 (Tex.Civ.App.—Fort Worth 1971, no writ); *Hartford Accident and Indemnity Corporation v. Lowery*, 490 S.W.2d 935 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.). In each of these cases there was no language in the insurance policy which excluded "any . . . truck" from coverage. We do not consider these cases applicable or controlling in the case before us. Mrs. Merrell also contends that the coverage issue is a question of fact rather than a question of law. We do not agree. *See Pennell v. United Ins. Co.*, 150 Tex. 541, 243 S.W.2d 572, 574 (1951).

In summary, appellant Bankers Commercial Life Insurance Company's points of error one, two and three are sustained. The judgment of the trial court is reversed and judgment is here rendered that Evelyn Merrell take nothing in her action against Bankers Commercial Life Insurance Company in Cause No. 6195 in the 110th District Court of Floyd County, Texas.