GULF ATLANTIC LIFE INSURANCE
COMPANY, Appellant,

v.

Melvin DISBRO et ux., Appellees.

No. 8535.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 5, 1981.

Rehearing Denied Feb. 26, 1981.

Robert O. Lamb, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

William E. Cochran, Cardenas & Whitis, McAllen, for appellees.

KEITH, Justice.

The defendant below appeals from an adverse judgment entered in a bench trial upon an agreed statement of facts. The action was instituted by an insured and his wife upon a major medical expense policy issued by the defendant, the only question being whether the policy excluded benefits for medical expenses paid under the Medicare program. The trial court held that such expenses were not excluded from the coverage and rendered judgment for the plaintiffs for the amount of such expenses, for statutory penalties and attorney's fees.

The policy contained a section titled "Exceptions and Reductions" [1] which read:

"This policy does not cover any loss nor shall charges be considered as Eligible Expenses for a Covered Person when caused by:

\*   \*   \*   \*   \*   \*

---

1. It was stipulated that defendant developed and put this policy into effect in June, 1966, following approval of the statute creating Medicare. See Public Law 89—97, 89th Cong., 1st Sess., approved July 30, 1965; 79 Stat. 286; *42 U.S.C.A. §§ 1395, et seq.*

"(11) Sickness or injury of a Covered Person, which Covered Person is entitled to *benefits furnished, paid for or reimbursed by or through the Federal government, or under any Federal plan or law,* nor shall such benefits be used toward satisfying any portion of the Deductible Amount." (emphasis supplied)

Defendant denied liability for the expenses paid under the Medicare program, relying upon the language quoted above.[2]

■■■ In the review of a case tried upon an agreed statement of facts pursuant to *Tex.R.Civ.P. 263,* the appellate court is not permitted to draw any inference or find any fact not embraced in the agreement unless as a matter of law such further inference or fact is necessarily compelled by the evidentiary facts agreed upon. *Bowman v. Simpson,* 546 S.W.2d 99, 100 (Tex.Civ.App.— Beaumont 1977, writ ref'd). Our judgment "must only declare the law which necessarily arises from the facts agreed upon." *Hutcherson v. Sovereign Camp, W.O.W.,* 112 Tex. 551, 251 S.W. 491, 492 (1923). Moreover, there are no presumed findings in favor of the judgment. *Brown v. International Service Ins. Co.,* 449 S.W.2d 491, 492 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.).

Plaintiffs seek to uphold the judgment on the theory that the policy provision at issue is ambiguous. They argue the operative words "might well suggest a Medicare expense exclusion to one policy holder and not to another." A similar contention, with language lacking clarity, was rejected in *Bybee v. John Hancock Mutual Life Ins. Co.,* 507 S.W.2d 330, 333 (Tex.Civ.App.— Tyler 1974, writ ref'd n.r.e.).

Plaintiffs also argue that "[t]he terms 'furnished', 'paid for' or 'reimbursed by' given their ordinary and popular meaning imply that the 'benefits' to be provided by the Federal Government are to be provided at no cost to the recipient." We disagree al-

though we are aware of the language used in *Black v. American Bankers Ins. Co.,* 478 S.W.2d 434, 439 (Tex. 1972), where different policy provisions were construed.

■■■ Contracts of insurance are to be construed as other contracts and it is only where there is uncertainty as to the meaning of a contract or some portion thereof that rules of construction are to be applied. *General American Indemnity Co. v. Pepper,* 161 Tex. 263, 339 S.W.2d 660, 661 (1960).

■■■ In considering the question of ambiguity, we will follow the well-established rules reiterated recently in *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex. 1980). We conclude that the policy is so worded that a court may properly give it a certain, definite legal meaning and interpretation; consequently, it is not ambiguous. So holding, the thrust of plaintiffs' argument, based upon ambiguity, loses its force and effect. *Royal Indemnity Co. v. Marshall,* 388 S.W.2d 176 (Tex. 1965).

Thus, we are confronted with the rule succinctly stated in *Royal Indemnity Co. v. Marshall,* supra:

"Courts cannot make new contracts between the parties, but must enforce the contracts as written. Where the terms of an insurance policy are plain, definite and unambiguous, the courts cannot vary these terms." (388 S.W.2d at 181)

See also, *Republic National Life Insurance Co. v. Spillars,* 368 S.W.2d 92, 94 (Tex. 1963); *Bankers Commercial Life Ins. Co. v. Merrell,* 563 S.W.2d 691, 693 (Tex.Civ.App. —Amarillo 1978, writ ref'd n.r.e.).

Plaintiffs argue, citing *Coker v. Travelers Ins. Co.,* 533 S.W.2d 400 (Tex.Civ.App.— Dallas 1976, no writ), that if the defendant-insurer intended to exclude Medicare benefits from coverage, all it had to do was to say so in plain language. We disagree; indeed, *Coker* is a prime example of a policy

---

2. The parties stipulated that even if the defendant prevailed upon appeal, plaintiffs would be entitled to recover the sum of $727.46, tendered to them by the defendant. This sum, the parties agreed, was the amount representing eighty percent of the charges not covered by Medicare less the $500.00 deductible provided by the policy. Should plaintiffs recover under this tender, defendant would not be liable for penalty, interest, or attorney's fees thereon.

being too specific because an ambiguity was created when the underlying statute was amended.

Plaintiffs cite and rely upon language found in *Witherspoon v. St. Paul Fire & Marine Ins. Co.*, 86 Wash.2d 641, 548 P.2d 302, 307 (1976), wherein the insurer contended that expenses paid by Medicare came within the terms of an exclusion for "[a]ny charges paid for or reimbursable by or through any national, state, or local government."[3] The Washington Court held that the policy was ambiguous; consequently, under the rules of construction of policies of insurance, the uncertainty was resolved against the insurer.

 We have no difficulty in harmonizing the holding in *Witherspoon*, supra, with the result which we have reached in the case at bar. Here, the language plainly precluded a recovery of benefits which had already been paid by the federal government under federal law. Courts are not permitted to "so construe plain language as to make a contract embrace that which it was intended not to include." *British America Assurance Co. v. Miller*, 91 Tex. 414, 44 S.W. 60, 62 (1898), and quoted in *Bybee*, supra (507 S.W.2d at 333).

We are of the opinion that the trial court erred in finding the defendant liable; consequently, in accordance with the stipulation and agreement of the parties, we now enter the judgment which should have been rendered: The judgment of the trial court awarding plaintiffs $7,812.51 for medical expenses, plus $937.50 as 12% penalty, plus $2,500.00 as attorney's fees together with interest thereon at the rate of 9% and costs, is here and now reversed and judgment rendered that plaintiffs take nothing under the stipulations found in paragraphs 2 and 5 of the agreed statement of facts.

Having upheld defendant's contentions, we now render judgment that the plaintiffs recover the sum of $727.46, heretofore tendered by the defendant (see footnote 2 herein) and, in accordance with paragraph 3 of the agreed statement of facts, "only $727.46 shall be paid to Plaintiffs by Defendant without penalty, interest, or attorney fees thereon", and upon payment of said sum the defendant shall have discharged its liabilities under said policy. Costs are adjudged against plaintiffs. It is so ordered.

Reversed and Rendered.

---

3. The court had already determined that Medicare did not constitute "any other insurance or welfare plan or prepayment arrangement" as specified in the exclusion of the policy. (548 P.2d at 304–306)