Michael Shou **NIELSON**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

No. A14–89–130–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 25, 1990.

Damon R. Capps, Jim Tatum, Houston, for appellant.

R. Stephen Ferrell, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

### OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of the appellee, Allstate Insurance Company (appellee or Allstate). In his sole point of error appellant asserts that the trial court erred in granting the appellee's motion for summary judgment because appellant presented unresolved fact issues for determination by a jury. For the reasons discussed below, we affirm the trial court's decision.

In November of 1978 Johanna Timm purchased an automobile insurance policy from Allstate. Timm was the sole named in-

sured, and the insurance policy, by its terms, could not be assigned without Allstate's written consent. Upon the death of the insured, however, coverage would extend to the legal representative of the deceased until the end of the policy period. Timm died in March of 1979. Allstate received renewal premiums for the policy and automatically renewed the policy in November of 1979 and 1980, but appellee was not apprised of Timm's death. In July of 1981 Charlotte Doyle died in a two-car automobile accident while driving the insured vehicle. Doyle was operating the automobile with the permission of the executor of Timm's estate. Appellant Michael Shou Nielson (appellant or Nielson), driver of the second auto, was severely injured in the accident. Nielson filed suit and received a default judgment against the administrator of Doyle's estate. The administrator assigned any claim he might have against Allstate to appellant. Appellant subsequently initiated this suit against Allstate.

■ Appellant claims that fact issues remain unresolved and make the summary judgment improper. According to the appellant, Doyle was covered by the policy since coverage extended to the deceased policy-holder's legal representative and his responsibility to maintain the auto. However, the section of the insurance contract granting this privilege concludes by stating that coverage will only be provided until the end of the policy period. Where the terms of an insurance policy are plain, definite, and unambiguous, the courts cannot vary these terms. *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex.1965); *Gulf Atl. Life Ins. Co. v. Disbro*, 613 S.W.2d 511, 512 (Tex.Civ.App.—Beaumont 1981, no writ); *Underwriters at Lloyds, London v. Harkins*, 427 S.W.2d 659, 662 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). In the instant case policy terms are clear and should be interpreted as written. The policy issued to Timm states:

> [I]f a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;
2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use your covered auto.

*Coverage will be provided until the end of the policy period.*

(emphasis added). Policy coverage therefore ended in November of 1979, one year after Timm purchased the insurance and over a year before the accident.

 Appellant also asserts that by accepting premiums subsequent to the death of Timm and renewing the policy Allstate has waived its right to deny coverage. To support his contention appellant cites *Union National Bank of Little Rock v. Moriarty*, 746 S.W.2d 249, 252–53 (Tex.App.—Texarkana 1987, writ denied); however, the insured in *Union National Bank* was not seeking to create a new and different contract with respect to risk coverage, but rather sought to avoid a forfeiture of the coverage. Although waiver and estoppel may operate to avoid forfeiture of a policy and may prevent an insurance company from avoiding payment when the insured fails to comply with some requirement of the policy, waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended. *Minnesota Mut. Life Ins. Co. v. Morse*, 487 S.W.2d 317, 320 (Tex.1972); *see also Parchman v. United Library Life Ins. Co.*, 640 S.W.2d 694, 697 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The terms of the instant policy were based upon the safety and driving record of the late Mrs. Timm. The policy was to end at the conclusion of the policy term following Timm's death. The deceased, Mrs. Timm, was obviously incapable of renewing coverage, and allowing other parties (Timm's legal representative) to renew and extend coverage to other individuals would vary the risk assumed by Allstate and would consequently create a new contract. Courts must enforce contracts as written and cannot make new contracts between parties. *Royal Indem.*, 388 S.W.2d at 181. We therefore overrule appellant's point of error.

Appellee properly established that there were no genuine issues of material fact. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). As a result we affirm the decision of the trial court.

Affirmed.