## ANNIE S. ANABLE v. FIDELITY AND CASUALTY COMPANY OF NEW YORK.

Argued November 10, 1905—Decided February 26, 1906.

There was a clause in an accident policy doubly indemnifying the insured if death resulted from bodily injuries received by him while riding as a passenger in or on a public conveyance propelled by steam.   The insured left the train on which he was traveling, went to a news-stand, bought a paper, stood a moment on the platform, when the train started on time and while the train was moving at six miles an hour, insured ran toward it across the platform and attempted to grasp the hand-rail of one car and missed it; he then grasped the hand-rail of the front platform of the last car, but, failing to retain his hold, fell on the station platform, lunged forward and was killed by the car wheels.—*Held*, that insured when injured was not riding as a passenger in or on a public conveyance.

On motion to enter judgment on a special verdict.

Before Justices FORT, GARRETSON and REED.

For the plaintiff, *Messrs. Vredenburgh, Wall & Van Winkle.*

For the defendant, *Messrs. Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

REED, J. This is a motion to enter judgment upon a special verdict. The question presented is whether upon this verdict the plaintiff is entitled to a judgment for $20,000 or to a judgment for only $10,000.

The defending company had written a policy of insurance upon the life of Eliphalet N. Anable, the husband of the plaintiff, for the benefit of the plaintiff. The husband died from injuries received at Asbury Park while attempting to board a train on the New Jersey Central railroad.

The insurance contract contained a provision for single insurance, and also a provision for double insurance. The first of these provisions insured the husband for twelve months against "disability or death resulting directly and independently of other causes from bodily injuries sustained through external, violent and accidental means, suicide, sane or insane not included, as follows: * * * If death shall result within ninety days from said injuries, the company will pay the beneficiary $10,000."

The provision for double insurance is this: "If said bodily injury was received by the assured while riding on a passenger elevator, or as a passenger in or on a public conveyance propelled by steam, compressed air, electricity or cable, and provided by a common carrier for passenger service, * * * If death shall result within ninety days from said injuries, the company will pay the beneficiary $20,000."

The question to be solved is whether the late husband received his injuries while riding as a passenger in or on a

public conveyance propelled by steam. That portion of the special verdict which exhibits the manner in which the assured received the injuries from which he died is as follows:

"The assured, about eight o'clock in the morning of the 18th day of said October, boarded a regular passenger train of the Central Railroad of New Jersey at Avon, in the county of Monmouth, State of New Jersey, and immediately delivered to the conductor of that train a ticket entitling the assured to passage from Avon northwardly to New York City, which journey assured intended to make on said train. A few minutes later the train stopped at Asbury Park station, arriving two minutes ahead of the schedule time. Assured went from said train to a news-stand hard by and on said station platform, bought a newspaper, stood a moment on the station platform, whereupon the train started on time, and while the train was moving at the rate of six miles per hour, ran toward it across the station platform, attempted to board it and continue his intended journey. Assured attempted to grasp the hand-rail on the rear platform of the next to the last car of the train and missed it. He then grasped the hand-rail on the front platform of the last car, but failing to retain his hold thereof, he fell down on the station platform. He then lunged forward under the car, and the wheels of the rear truck of the last car passed over his body and instantly and violently killed assured."

The rights of the parties must be ascertained by the plain natural significance of the language employed. By this language the defendants contracted to pay double if death resulted to the insured from an injury received while riding as a passenger in or on a railroad train. The insured was not in the car, nor was he on the car, nor on any part of a train, at the time of the injury. He had seized the hand-rail, but failed to hold it and fell down on the station platform. The language of the contract is that his injuries must have occurred while the assured was riding in or on a public conveyance.

It seems impossible to bring the injury, as it happened, within the language of the contract, without departing from

the plain and unambiguous words used in that instrument. To hold that the assured was in or on a car would be to say that a person who was injured while standing upon a railroad platform was in or on a car of the railroad, for it cannot be perceived how the fact that the assured had grasped a handrail while still on the platform constructively put him in or on a car.

Nor is there any reason discoverable why the contract should not be construed in accordance with its plain language. The risk for which the defendant contracted to pay double insurance was without doubt regarded as distinctively less hazardous than the single insurance risk. A passenger in a public conveyance who keeps himself within a car, or on a steamboat, is regarded as subjected to the slightest risk, while the act of getting on or off moving trains involves a considerable degree of peril.

It was therefore obviously far from the intention of the parties to this contract that a passenger on a railroad train could get off the car at one station to buy a paper and then run for the moving train; could get off at another station to speak to a friend on the platform and at still another station to buy fruit, and so repeat his exits from the car at various stations, and repeat his race for the moving train, and yet all this time remain covered by double insurance.

There is no reason why, in dealing with this contract, we should depart from the ordinary rule of construction, or why we should give any interpretation to its words which are aside from their plain meaning. By the words of the contract the assured was not doubly assured merely because he was traveling as a passenger, but only while riding as a passenger in or on a public conveyance. He was not so riding when injured.

A number of cases were cited upon the argument in which courts had dealt with clauses somewhat similar to the clause in this policy. These cases are not of much service in construing the plain words of this contract. In *VanBokkelen v. Travelers' Insurance Co.,* 34 *App. Div.* 399, the court dealt with a clause in a policy which doubly insured a person injured while riding as a passenger in a passenger conveyance,

using steam, from which injury death resulted. The word "on" was not used. The court held that the clause did not cover an injury to a passenger who was standing upon the platform of a car, and who, while so standing, was thrown therefrom and killed. This case was affirmed and the affirmance reported in 167 N. Y. 590.

The clause under consideration in *Ætna Life Insurance Co.* v. *Vandecar,* 86 *Fed. Rep.* 282; *S. C. on appeal,* 57 *U. S. App.* 446, was the same as the clause in the preceding case. The insured was thrown from the platform of a car where he stood ready to alight therefrom.

The appellate court reversed the trial court and held that the insured was not entitled to double insurance.

In *Theobald* v. *Railway Passenger Assurance Co.,* 10 *Exch.* 45, the assured was injured while stepping off the train. The contract insured him in the event of death happening in a railroad accident whilst traveling in any class carriage on any line of railway.

It was held that the insured was killed in a railroad accident. The ground of decision in this case is analyzed and distinguished in the opinion delivered in *VanBokkelen* v. *Travelers' Insurance Co., supra.*

*Tooley* v. *Railway Passenger Assurance Co.,* 3 *Biss.* 399, was a charge delivered at *Nisi Prius.* The trial court charged that a clause in a policy which insured a man while traveling in a public conveyance covered an injury received by a passenger on a railway platform while reaching for a moving train. While the language of the clause so construed is not quite similar to the clause under consideration in the cases cited from the reports of the New York and Federal Court of Appeals, yet the opinions in the latter cases are in direct opposition to the charge in the Tooley case, which charge, so far as I am aware, although made over thirty years ago, has never been followed.

In the case of the *Preferred Accident Insurance Co.* v. *Muir,* 126 *Fed. Rep.* 926, where the clause was the same as that in the present policy, the person injured was on the car, on its platform, and was thrown therefrom and killed. In

the other cases cited the clauses for double insurance so differ from the present provision that the judicial rulings are of little importance as guides to the meaning of the words "riding as a passenger in or on a public conveyance."

We think the judgment should be entered for the amount of $10,000, and interest.