FRITTS et al.

*v.*

DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

[Decided February 5th, 1909.]

1. A railroad company will not be enjoined from withdrawing from a railroad station the personal attendance of an agent, though the railroad contracted with an individual that one be kept, but the individual will be remitted to his suit for damages, as public policy requires that railroads be free to serve the public without being hampered by private contract.

2. Any right which the public have to compel a railroad to maintain a station at a certain point is a legal one, enforceable by *mandamus,* and not by injunction to prevent the discontinuance.

3. Since by act May 15th, 1907 (*P. L. 1907 p. 448*), a railroad commission was formed giving it control over railroads generally, any question as to the right to prevent a railroad from discontinuing a railroad station should in the first instance be submitted to the commission.

Heard on bill, answer and agreed state of facts.

*Mr. Oscar Jeffrey,* for the complainants.

*Mr. Max M. Stallman,* for the defendant.

GARRISON, V. C.

This is a bill filed by the complainants to secure an injunction against the defendant, preventing the latter from discontinuing a railroad station at Broadway, Warren county, in this state.

The proofs show that the defendant company had established a station at the place above named and maintained a man in charge thereof. On a certain date they announced that they were going to abandon the station. It turns out from the proofs that they did not mean that they were not going to stop any trains at that place thereafter, but that they were going to withdraw from it any personal attendance of an agent.

No charter or statutory provision requiring the establishment or maintenance of this station was shown to exist. In its general features the case was so nearly similar to that of *Jacquelin* v. *Erie Railroad Co. (Vice-Chancellor Garrison, 1905)*, 69 *N. J. Eq. (3 Robb.) 432*, that its decision would be controlled by that case. The only distinguishing feature was that one of the complainants claimed that by a deed, in which he was a grantor and the railroad company a grantee, there was a provision requiring the railroad company to maintain a station on the land granted. I shall not analyze the proofs to determine a disputed question of fact as to whether the station is in any sense of the word on the granted land. I am inclined to the opinion that it is not. I think that the facts show that it is on an adjacent tract, and that the granted tract was used as a means of approach. Even if the station building itself had been on the granted tract, I am still of the opinion expressed by me in the *Jacquelin Case,* above cited, that if a private individual has acquired by contract a right to compel a railroad company to maintain a station at a certain point, such right will not be enforced by injunction restraining the discontinuance of the station, but the party will be remitted to a suit for damages, and that this principle will be applied because public policy requires that the railroads be free to properly serve the public, which they could not do if the courts enforced private contracts concerning the number of trains and places of stopping, which would hamper them in the proper running of their roads.

So far, then, as the right which any complainant here may claim to have by reason of private contract, I refuse relief upon the principle just stated.

So far as the right is public, I refuse relief for the reasons stated in the *Jacquelin Case.*

Furthermore, since the erection of the railroad commission by the act of 1907 (*P. L. 1907 p. 448*), I incline to the opinion that all such matters should, in the first instance at least, be submitted to the commissioners for their action—not determining (as, of course, I should not before the point is raised) whether the court has, otherwise, jurisdiction. Certainly, where the state has erected a commission for the express purpose of dealing with

just such questions, citizens should be referred, in the first instance at least, to that commission. Whether they have other rights which the courts will enforce, I do not decide, because I am not called upon now to decide that.

1 will advise a decree dismissing the bill, without costs to either party. The latter qualification is put in by consent of the defendant, who said that it would not insist upon its right to costs.