**GREAT AMERICAN INDEMNITY COM-
PANY, Appellant,**

v.

**Myrl PEPPER et vir, Appellees.**

No. 16116.

Court of Civil Appeals of Texas.

Fort Worth.

March 25, 1960.

Rehearing Denied April 22, 1960.

Collins & Green, and Robert C. Green, Fort Worth, for appellant.

Forrest Markward, Fort Worth, for appellees.

RENFRO, Justice.

This is an appeal from a judgment which awarded plaintiffs recovery of certain benefits under an accident policy.

The following findings of fact by the trial court present an adequate statement of the case:

"1. Plaintiff Myrl Pepper is the insured under Automobile and Travel Personal Accident Policy No. ADE 1164, issued June 5, 1951 by defendant Great American Indemnity Company and in force on December 26, 1958, the time of plaintiff's injuries, providing certain coverage, as follows: 'This insurance covers accidental bodily injury to the Insured while this Policy is in force and solely causing loss for which benefits are payable as herein provided, if such injury is sustained: * * * (f) while a passenger (not pilot or member of crew nor while receiving instructions) in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route.'

"2. Plaintiff Myrl Pepper and her husband through their travel agent purchased tickets issued by a passenger airline, American Airlines, Inc., providing passage for themselves as passengers by aircraft on a vacation trip commencing December 17, 1958 at Fort Worth, Texas, and taking them to Guadalajara, Acapulco, and Mexico City, Mexico, with return to Fort Worth on January 5, 1959.

"3. Using said tickets, on December 26, 1958 plaintiff and her husband enplaned at Guadalajara as passengers in an aircraft operated by a passenger airline, Compania Mexicana de Aviacion, S. A., on a regularly scheduled passenger trip over its established route from Guadalajara to Acapulco, which went by way of Mexico City and required landing and transfer between planes at the air terminal there, involving a layover of approximately one hour.

"4. Upon landing at Mexico City, plaintiff and her husband proceeded directly from the aircraft to the ticket counter within the air terminal, where their tickets were re-confirmed and where they *receiving* boarding tickets for the aircraft operated by the said passenger airline in continuation of its regularly scheduled passenger trip over its established route from Guadalajara to Acapulco.

"5. After obtaining her boarding ticket, plaintiff proceeded along the passageway in the air terminal from the ticket counter to the gate where said aircraft for Acapulco was standing, and immediately before reaching the gate, turned into the ladies lounge, the doorway of which opened on the passageway for enplaning and deplaning passengers.

"6. When plaintiff came out of the ladies lounge into the passageway leading to her waiting plane, she failed to see a descending step, fell, and sustained accidental bodily injury in the nature of a fracture of her shoulder and concussion sprain of her left ankle.

"7. At the time and place of her injuries, plaintiff Myrl Pepper had not gone aboard the waiting aircraft for Acapulco, nor was she in any bodily contact with any part of an aircraft."

The court's conclusions of law, material to the appeal, were:

"1. Clause (f) of the policy in question, 'while a passenger (not pilot or member of crew nor while receiving instructions) in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route,' is ambiguous, being susceptible of two constructions, as follows: (1) that the insured was covered only while a passenger actually riding in an aircraft at the time her bodily injury was sustained and, (2) that the insured was covered while she had the status of a passenger in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route.

"2. The interpretation of clause (f) of the policy in question as meaning that plaintiff, as insured, was covered while she had the status of a passenger in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route, is a reasonable interpretation.

"3. Under such interpretation, plaintiff was covered by the policy in question for the bodily injury sustained by her on December 26, 1958 when she fell in the air terminal at Mexico City while transferring from one aircraft to another, both operated by a passenger airline on a regularly scheduled passenger trip over its established route, in the course of a continuous journey from Guadalajara to Acapulco.

"4. The language of clause (f) of the policy in question taken and understood in its plain, ordinary, and popular sense does not require that the insured must be physically located aboard, on, or within an aircraft in order to be covered by the policy."

No attack is made on the findings of fact, but appellant in eight related points of error attacks the court's conclusions concerning the effect of clause (f) of the policy. In brief, appellant contends insured could not recover unless she was "physically in" an aircraft at the time of injury.

■ Terms used in an insurance policy are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows them to have been used in a technical or different sense. Western Reserve Life Ins. Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554.

Generally a person remains a passenger while going, in the prosecution of his journey, from one of carrier's trains to another, and while waiting at a junction station in order to make a necessary change of trains. 10 Tex.Jur.2d 533.

In Northrup v. Railway Passenger Assurance Co., 43 N.Y. 516, 3 Am.Rep. 724, the court had before it a policy provision insuring against personal injury " * * * when caused by any accident while traveling by public or private conveyances." The insured fell while walking from a steamboat landing to a railway station. The court held: "An injury received while so necessarily walking in the actual prosecution of the journey is received while travel-

ing by public conveyance within the meaning of the policy, as such walking is the actual and necessary accompaniment of such travel."

Undoubtedly Mrs. Pepper was a "passenger" at the time of injury for she was in the process, made necessary by the plane's operations, of changing planes.

■ In determining whether it was the intention of the contracting parties that the insured must be physically "in" the plane at time of injury, all words of limitation must be strictly construed against the insurer. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379.

■ If the language is reasonably open to two constructions, that one more favorable to the insured will be adopted. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235; Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137.

■ The insurer may not escape liability merely because his or its interpretation should appear a more likely reflection of the intent of the parties than the interpretation urged by the insured. The latter interpretation has to be no more than one which is not itself unreasonable. Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762.

■ Clause (f) did not expressly exclude injuries which might occur in changing planes, and did not expressly limit liability to instances where injury might occur while the insured was "riding in" a plane.

As seen in the court's conclusions 2 and 4, the court held that the language of the policy, when taken and understood in its plain, ordinary sense, did not require that insured be physically located aboard, on, or within an aircraft. We agree with the conclusion.

We think it a reasonable interpretation from the language used that the parties intended that insured would have insurance coverage while traveling as a passenger on a regularly scheduled passenger trip over its established run. The court found, and the finding is not under attack, that insured "enplaned at Guadalajara as passenger in an aircraft operated (by a named airline) on a regularly scheduled passenger trip over its established route from Guadalajara to Acapulco, which went by way of Mexico City and required landing and transfer between planes at the air terminal there."

We think it not unreasonable to interpret clause (f) as meaning that insured was protected while she had the status of a passenger in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route. The delay at Mexico City, for the purpose of changing planes, validating tickets, transferring luggage, etc., was a part of the operation of the plane on a regularly scheduled trip over an established route.

Since the intent of the policy to exclude injuries sustained by insured in the terminal building is not so certain as to make it wholly unreasonable to say that insured was included, the conclusions of the trial court are sustained and his judgment affirmed.

We find no error reflected in appellees' cross-points and they are overruled.

Judgment of the trial court is affirmed.