GENERAL AMERICAN INDEMNITY COMPANY V.
ROBERT G. PEPPER ET UX.

No. A-7868. Decided October 25, 1960.
Rehearing Overruled November 23, 1960.
(339 S.W. 2d Series 660)

*Collins* and *Green* and *Robert C. Green,* of Fort Worth, for petitioners.

*Forrest Markward,* of Fort Worth, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

In this case one controlling question is presented: Does clause (f)[1] of the insurance policy in question prevent a recovery of damages for accidental bodily injuries sustained by insured after she had disengaged herself from an aircraft and was inside of an air terminal when she received her injuries? The facts are undisputed. Mrs. Myrl Pepper is the insured under a personal accident policy issued by the petitioner. While on a vaca-

---

1.—"This insurance covers accidental bodily injury to the insured while this policy is in force and solely causing loss for which benefits are payable as herein provided, if such injury is sustained: * * * (f) while a passenger (not pilot or member of crew nor while receiving instructions) in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route."

tion trip to Mexico in 1958, Mrs. Pepper was injured when she fell in an air terminal in Mexico City. She was inside the terminal during an hour's stopover between flights and was stepping from a rest room into a passageway leading to the gate to her flight when the accident occurred; she had not boarded the waiting aircraft, nor was she in physical contact with any part of it.

The trial court, without the intervention of a jury, has allowed a recovery in the face of its finding of fact that "At the time and place of her injuries, plaintiff Myrl Pepper had not gone aboard the waiting aircraft for Acapulco, nor was she in any bodily contact with any part of the aircraft."

The trial court's conclusions of law reflect that its judgment was based upon the premise that the policy of insurance was ambiguous, and, therefore, susceptible of two constructions: "(1) that the insured was covered only while a passenger actually riding in an aircraft at the time her bodily injury was sustained; and, (2) that the insured was covered while she had the status of a passenger in an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route." The court adopted the latter construction ,holding that a reasonable interpretation of "The language of clause (f) of the policy in question taken and understood in its plain, ordinary, and proper sense does not require that the insured must be physically located aboard, on, or within an aircraft in order to be covered by the policy." The Court of Civil Appeals has affirmed. 334 S.W. 2d 333.

We have concluded that clause (f) is plain, clear, and unambiguous. Contracts of insurance are to be construed as other contracts. Ordinarily, all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. See Cooley's Briefs on the Law of Insurance, Vol. 2, p. 1483. It is well established that a contract is to be construed in accordance with its plain language. In this case, however, the meaning and interpretation of only clause (f) of the policy is controlling. The words used in this clause are not susceptible of two meanings. They are clear and unambiguous, and, therefore, there is nothing to be construed. It is only where there is uncertainty as to the meaning of a contract or some portion thereof that rules of construction are to be applied.

To adopt the view of the respondents, as approved by the

trial court and the Court of Civil Appeals, would be to make an entirely new contract between the parties. A court is not at liberty to revise an agreement while professing to construe it. See Marlin Associates v. Trinity Universal Insurance Co., Texas Civ. App., 226 S.W. 2d 190, no wr. hist., where the court quotes 12 Am. Jur., Sec. 228, p 749:

"A court is not at liberty to revise an agreement while professing to construe it. Nor does it have the right to make a contract for the parties — that is, a contract different from that actually entered into by them. Neither abstract justice nor the rule of liberal construction justifies the creation of a contract for the parties which they did not make themselves or the imposition upon one party to a contract of an obligation not assumed."

In order to be insured, clause (f) of the policy required Mrs. Pepper to establish that she was not only a passenger, but that she was *in an aircraft* operated by a passenger airline on a regularly scheduled passenger trip over its established route. Admittedly she was a passenger, but she was not *in an aircraft* at the time her injuries were inflicted. Having the status of a passenger cannot be extended to mean that Mrs. Pepper was in the aircraft. Our interpretation of this clause is based on our conception of the meaning of the word "in," as it is used in the particular clause involved. Respondents seek to have us adopt the theory that when Mrs. Pepper fell inside the terminal on the way to the point where the aircraft was standing that she necessarily was walking as an incident to a regularly scheduled passenger trip over the established route of a passenger airline, and that her injury was sustained as a passenger *in an aircraft,* within the plain meaning of the words used in clause (f).

Respondents recognize the rule that terms used in an insurance contract, like any other contract, are to be given their plain, ordinary, and generally accepted meaning unless the policy itself shows them to have been meant in a technical or different sense. This rule, of course, is well established in Western Reserve Life Insurance Company v. Meadows, 152 Texas 559, 261 S.W. 2d 554, 557, and cases therein cited. However, they take the position that in determining whether it was the intention of the contracting parties that the insured must be physically "in" the aircraft at the time of the injury, all words of limitation must be strictly construed against the insurer, and that there are words of limitation contained in the policy,

particularly in clause (f). Respondents argue on this point that the word "operated" in the language of coverage (f) has significance. Here again, the respondents are seeking to revert to the proposition that the insurance contract is ambiguous, whereas, we are definitely holding that it is not. The word "operated" as used in coverage (f) can lend no aid in our interpretation of the meaning of the word "in." The fact that "The operations taking place when the insured was transferring, as required by the airline, in the prosecution of her journey to Acapulco, were just as much a part of the business of carrying her as a passenger in an aircraft * * *" does not mean that she was "in" an aircraft at the time of the accident.

The word "in" means inside of, within the bounds or limits of—*American and English Encyclopedia of Law* (2d Ed.), Vol. 16, p. 123. Webster's Dictionary defines "in" to mean: "Primarily, in denotes situation or position with respect to a surrounding, encompassment, or enclosure, * * * indicating being within, as a bounded place, a limited time, an encompassing material * * * ."At page 16 of Volume 20, *Words and Phrases,* the word "in" is said in its most usual significance and popular use to mean enclosed or surrounded by limits, as in a room. See Board of Chosen Freeholders v. Central Railway Co. of New Jersey, 59 A. 303, and Pancoast v. Troth, 34 N.J. Law, 377 (Sup. Ct.). 2 *May on Insurance,* Sec. 524, states: "A person may be said to be traveling in a carriage, while alighting therefrom, until he has completely disconnected himself and landed."

In the case of Anable v. Fidelity & Casualty Company of New York, Sup. Ct. of New Jersey, 73 A. 92, the language of the contract was that the insured's injuries must have occurred while the insured was riding in or on a public conveyance. The court said:

"It seems impossible to bring the injury as it happened within the language of the contract, without departing from the plain and unambiguous words used in the instrument. To hold that the assured was in or on a car would be to say that a person who was injured while standing upon the railroad platform, was in or on a car of the railroad; * * * *By the words of the contract the assured was not doubly assured merely because he was traveling as a passenger, but only while riding as a passenger in or' on a public conveyance. He was not so riding when injured."* [Emphasis added.]

The same rule applies in the present case. Obviously, Mrs.

Pepper was not in the aircraft when the injury actually occurred. She was not only physicially separated from the aircraft, but she was in the terminal building,—a separate enclosure.

The judgments of both the trial court and the Court of Civil Appeals are reversed, and judgment is here rendered that respondents take nothing.

Chief Justice Hickman not sitting.

Opinion delivered October 26, 1960.

MR. JUSTICE GRIFFIN, dissenting.

I adopt the opinion of the Court of Civil Appeals as my dissent herein. [334 S.W. 2d 333.]

I would affirm the judgment of the Court of Civil Appeals.

Opinion delivered October 26, 1960.