**LUBBOCK COTTON COMPANY, INC., Appellant,**

v.

**STARKE TAYLOR & SON, INC., Appellee.**

No. 5657.

Court of Civil Appeals of Texas, Waco.

Nov. 26, 1976.

Rehearing Denied Dec. 23, 1976.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Griffith & Brister, Lubbock, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Lubbock Cotton Company from $16,720 judgment against it in favor of plaintiff Starke Taylor, in suit for asserted breach of a contract to deliver cotton.

Plaintiff Starke Taylor sued defendant Lubbock Cotton Company on a written contract dated July 3, 1973 providing for the sale of cotton to be produced in the future to plaintiff. Defendant entered into contracts with various farmers for the purchase of cotton to be produced on designated farms, and then entered into contracts for the sale of such cotton to various cotton buyers, such as plaintiff.

Plaintiff alleged defendant contracted to deliver all cotton produced on T & F Farms consisting of 2,338 acres farmed by Wayland F. Taylor. It is stipulated defendant delivered to plaintiff 922 bales of cotton which was all of the cotton delivered to defendant by T & F Farms; and that 304 bales produced on such farms were not delivered to plaintiff; that such 304 bales were delivered to the landlord of such land.

The sole ultimate issue on this appeal is whether under the contract and agreement of the parties, defendant was obligated to deliver plaintiff *all* the cotton produced on the 2,338 acres of T & F Farms by Wayland F. Taylor, *or* whether defendant was obligated to deliver to plaintiff *only* the cotton produced on such land which was, in fact, delivered to defendant by the tenant of T & F Farms, Wayland F. Taylor.

Trial was before the court, which interpreted the contract of the parties as requiring defendant to deliver to plaintiff all cotton produced on the acreage of T & F Farms, and rendered judgment accordingly (for plaintiff for $16,720. value of the 304 bales not delivered).

Defendant appeals on 3 points contending the trial court erred in rendering judgment for plaintiff because:

1) The contract is plain and unambiguous and under such contract defendant was obligated to deliver to plaintiff only the cotton produced on the acreage of T & F Farms which was in fact delivered to defendant.

2) If the contract is ambiguous the court is required to consider the surrounding facts and circumstances, and there is no evidence or insufficient evidence to support the trial court's construction of the contract.

On July 2, 1973 defendant Lubbock Cotton Company contracted with T & F Farms for sale and delivery to Lubbock Cotton Company of the "entire production of cotton which shall be produced, gathered and ginned" from the four farms in Lynn County operated by T & F Farms.

On the following day, July 3, 1973 defendant Lubbock Cotton Company signed a two-page contract with plaintiff Starke Taylor selling to plaintiff cotton to be produced on the T & F Farms. As noted the issue is whether such contract requires defendant to deliver to plaintiff *all* cotton produced on T & F Farms, or whether it requires defendant to deliver to plaintiff only such cotton produced on such land as was in fact delivered by Taylor to defendant.

The contract consists of two pages, pertinent portions of which follow:

"Lubbock Cotton Co. Inc.

\* \* \* \* \* \* \* \*

Lubbock, Texas   79408

Geo. Cochran
Vice Pres. & Mgr.

Starke Taylor & Son, Inc.

1621 Cotton Exchange Bldg.,

Dallas, Texas

Gentlemen:

This will confirm our sale to you of all cotton delivered to us by the producers from 3,198 acres of contract cotton.

TERMS: To comply with the conditions and provisions in our original contracts with each producer. Photo copies of the original contracts are enclosed.

PRICE: Starke Taylor & Son, Inc., is to pay Lubbock Cotton Co. Inc., on the following basis for all cotton delivered on these contracts. (See Attached Schedule of Basis).

REMARKS: Lubbock Cotton Co. Inc., will pay producer for all cotton delivered to us under these contracts and will draw on Starke Taylor, & Son., Inc., for same at prices quoted on attached schedule * * *.

Starke Taylor & Son, Inc.                     Lubbock Cotton Co. Inc.

By /s/ Foster Miller                              By /s/ Geo. Cochran
    Accepted 7–3–73                              Seller"

"Lubbock Cotton Co. Inc.

\* \* \* \* \* \* \* \*

Lubbock, Texas   79408

Geo. Cochran
Vice Pres. and Mgr.

July 3, 1973

The following basis is part of Confirmation of sale of 3,198 acres of contract cotton from Lubbock Cotton Co. Inc., to Starke Taylor & Son, Inc. and is hereby attached to and affixed to said Confirmation of sale.

The contract price shall be based on net weights of the cotton with premiums in points per pound over the 1973–74 C.C.C. Loan for grade, staple and micronaire scheduled below:

### Micronaire Ranges

| Grades–Code | 3.5–5.2 | 3.3–3.4 | 3.0–3.2 | 2.7–2.9 | 2.6–2.4 | –2.4 |
|---|---|---|---|---|---|---|
| 21, 22, 30, 31 32, 40, 41, 42 50, 51, 52 | 2400 | 2300 | 2100 | 1800 | 1200 | 1000 |
| 23, 33, 43, 53 60, 61 | 1900 | 1800 | 1700 | 1500 | 1200 | 1000 |
| 24, 25, 26, 27 34, 35, 36, 37 44, 46, 47, 54 | 1200 | 1200 | 1200 | 1200 | 1000 | 1000 |

    \* \* \* \* \* \* \* \* \* \* \* \* \*

Seller agrees to notify purchaser, * * of any weather or other disaster which befalls his crop as soon as possible after occurrence. Prompt delivery of cotton shall be made to the PURCHASER, in reasonable sized lots as ginned, upon receipt by SELLER of Smith-Doxey class cards * * and/this contract shall be considered fulfilled when the seller delivers all cotton produced and ginned on the above listed farm or farms from his 1973/1974 crop and/or crops, and has notified PURCHASER that the contracted cotton acreage has been harvested, ginned, and delivery to the PURCHASER completed.

The SELLER covenants, agrees and warrants that all bales of cotton delivered to PURCHASER shall be free and clear of all liens and encumbrances and that the SELLER has full authority from the landlord to sell the cotton produced on the contracted acreage. * * *.

STARKE TAYLOR & SON, INC.                     LUBBOCK COTTON CO. INC.
By /s/ Foster Miller                              By /s/ Geo. Cochran
    Buyer                                         Seller"

Each page refers to the other page. Both pages were prepared by Lubbock Cotton Company, and both were signed by the parties simultaneously.

Page 2 contains price information for various grades plus other information. It also contains a provision that the contract shall be considered fulfilled when the seller delivers all cotton produced and ginned on the referenced farms. Lubbock Cotton Company further expressly covenanted, agreed and warranted that it had full authority from the involved landlords, to sell the cotton produced on the contracted acreage.

As noted in the comment to the Texas Business and Commerce Code § 2.313; "Express warranties rest on 'dickered' aspects of the individual bargain, and go so clearly to the essence of that bargain that words of disclaimer in a form are repugnant to the basic dickered terms".

The cardinal rule in the interpretation of contracts is to determine and give effect to the intent of the parties as stated in the agreement. *General American Indemnity Co. v. Pepper*, 161 Tex. 263, 339 S.W.2d 660. If there is no ambiguity the construction of a written instrument is a question of law for the court. *City of Pinehurst v. Spooner Addition Water Co.*, Tex., 432 S.W.2d 515. And where two writings are connected by reference, simultaneously made, and pertain to the same transaction, they constitute one instrument and will be read together. *Texas State Bank of Austin v. Sharp*, CCA (Austin) NRE, 506 S.W.2d 761; *Board of Ins. Com'rs. v. Great So. Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803.

Applying the foregoing to the two-page contract we think the instruments express the agreement of the parties whereby all of the cotton produced on the referenced acreage, including the landlords' portion, was contracted to be delivered by the seller to the buyer.

Defendant's points and contentions are overruled.

AFFIRMED.