LaGUARTA, GAVREL & KIRK, INC., Appellant,

v.

R & P ENTERPRISES, Appellee.

No. A2096.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 18, 1979.

Rehearing Denied Aug. 8, 1979.

William A. Jackson, Thomas A. Collins, Sheinfeld, Maley & Kay, Houston, for appellant.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before MILLER, PRESSLER and SALA-ZAR, JJ.

MILLER, Justice.

This is an appeal from the granting of plaintiff's motion for summary judgment and the denial of defendant's motion for summary judgment. We affirm the denial of defendant's motion and reverse and remand the granting of plaintiff's motion.

LaGuarta, Gavrel & Kirk, Inc., defendant below, was the maker of a promissory note dated December 21, 1975 in the amount of $699,726.00. R & P Enterprises, plaintiff below, was the payee and holder. The note was secured by a vendor's lien on certain real property. A deed of trust was also executed from defendant to Eugene J. Pitman, Trustee, covering the property. The deed of trust provided for a trustee's sale of the described property to be conducted upon default on the promissory note according to the terms of Tex.Rev.Civ.Stat.Ann. art. 3810. There was a default on the first anniversary of the note; the trustee sold the property at public auction on April 5, 1977 to the plaintiff for $500,000.00. The plaintiff then brought suit to recover the deficiency due, attorney's fees, 10% interest from the note's maturity, and ad valorem taxes owing on the property.

Both parties moved for summary judgment. Attached to the plaintiff's motion were the affidavits of Titus Podea, one of plaintiff's general partners, and Eugene J. Pitman, Trustee; the promissory note; the deed of trust; the Trustee's notice of sale; correspondence between the parties subsequent to default; and the Trustee's deed. The defendant filed a response to the plaintiff's motion as well as filing a cross-motion for summary judgment. Both instruments were grounded upon the argument that the terms of the promissory note prohibited the cause of action for deficiency. In response to plaintiff's motion, defendant also alleged that there were material facts at issue which were apparent on the face of the plaintiff's pleading and proof. The defendant attached no proof to its response or cross-motion. The only other proof before the court was the deposition of Titus Podea. The trial court granted the plaintiff's motion and denied the defendant's motion. The defendant appeals.

In the first point of error, the defendant complains of the granting of the plaintiff's motion for summary judgment on the ground that a material issue of fact existed as to whether or not the plaintiff had a cause of action for a deficiency judgment. The second point of error complains of the denial of the defendant's motion for summary judgment on the ground that certain provisions of the promissory note expressly and unambiguously prohibited a cause of action for deficiency. The clause in question reads:

Notwithstanding any contrary items expressed or implied by the provisions of this note, it is expressly stipulated and agreed that the maker shall have personal liability for payment of this promissory note for and during the period ending with the second anniversary of the date of said note, after which time all obligatory payments having been made prior to said date, the maker shall have no personal liability for the payment of any balance owing upon this note, and the payee, or other owner or holder or holders of said note shall thereafter look solely to the enforcement of the liens securing the payment hereof for satisfaction of the balance owing hereon, it being expressly agreed that *upon any enforcement of the liens securing payment hereof, the maker shall have no liability for any deficiency remaining unpaid or unsatisfied thereafter*, should same fail to fully satisfy and pay the unpaid balance then owing. (Emphasis added).

It is the defendant's contention that the emphasized portion of the above provisions operated to provide the holder of the note with the alternative, during the first two years, of foreclosing on the secured property *or* holding the defendant liable. (Emphasis ours). Consequently, he argues, as it was uncontroverted that the defendant defaulted within the two year period, the plaintiff is precluded from bringing a suit

on personal liability after foreclosing on the property.

The question of whether a contract is ambiguous is one of law for the court. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968). A contract is ambiguous only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which of two or more meanings is the proper meaning. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951). One rule of interpretation is that all parts of the contract are to be taken together and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intent of the parties. *Universal C.I.T. Credit Corp.*, *supra*. Another rule is that a contract is construed in accordance with its plain language. *General American Indemnity Company v. Pepper*, 161 Tex. 263, 339 S.W.2d 660 (1960). And finally, it is presumed that the parties intended every clause to have some effect. *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954). In actually construing a contract, the court will, if possible, give effect to all parts of the instrument and an interpretation that gives effect to all parts of an instrument and a reasonable meaning to all of its provisions will be preferred to one that leaves a part of the writing useless. *Smith v. Davis*, 453 S.W.2d 340 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n.r.e.).

In the case before us, after applying the appropriate rules of construction, we find that the provision is ambiguous. In order to be found unambiguous, a written contract must be so worded that it can be given a certain or definite legal meaning. One reasonable meaning must clearly emerge. *Universal C.I.T. Credit Corp.*, *supra*. In the provision before us, it is not clearly evident that the phrase "upon any enforcement of the liens", only refers to attempted action subsequent to the foreclosure after the two year period. There is no particular grammatical device utilized which refers that phrase to any particular period of the life of the promissory note.

The meaning of the contract is reasonably susceptible to more than one meaning and parol evidence was properly admitted to remove the ambiguity of the words used in the contract. *Trinity Universal Ins. Co. v. Ponsford Brothers*, 423 S.W.2d 571 (Tex. 1968). The only summary judgment proof offered on the question of the interpretation of this provision was the deposition by Titus Podea, an interested party. Although Tex.R.Civ.P. 166–A(c) now provides that summary judgment may be based upon the uncontroverted testimonial evidence of an interested witness, the evidence must be clear, positive, and direct; otherwise credible and free from contradictions and inconsistencies; and could be readily controverted. Podeas' testimony was not of that quality and therefore the plaintiff did not establish as a matter of law that the parties' intent was as it was alleged to be. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975). The trial court improperly granted plaintiff's motion for summary judgment. The defendant adequately raised the issue in both his own motion for summary judgment and in its response to the plaintiff's motion for summary judgment. *J. E. Feller, Inc. d.b.a. Programmed Security Corporation v. Southwestern Bell Telephone Company*, 581 S.W.2d 775 (Tex.Civ.App.-Houston [14th Dist.], 1979). The defendant, however, offered no proof of its contentions in either instrument filed with the court. Therefore, the trial court properly denied the defendant's motion for summary judgment. Tex. R.Civ.P. 166–A.

The first point of error is sustained. The second point of error is overruled.

The trial court's denial of defendant's motion for summary judgment is affirmed. The granting of the plaintiff's motion for summary judgment is reversed and remanded.