**James Ray PHILLIPS, Appellant,**

v.

**UNION BANKERS INSURANCE COMPANY, Appellee.**

No. 05–90–00966–CV.

Court of Appeals of Texas,
Dallas.

June 20, 1991.

Brad Blauer Jones, Dallas, for appellant.

Keith A Glover, Dallas, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

MALONEY, Justice.

James Ray Phillips appeals from a summary judgment rendered in favor of Union Bankers Insurance Company. In three points of error, Phillips contends that the trial court erred in: (1) granting the summary judgment; (2) construing the unambiguous language of the contract; and (3) finding the contract unambiguous. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Phillips was insured by a Union Bankers health insurance policy. The policy provided that "[c]hildren born to you while this policy is in force shall be insured from and after the moment of birth." Phillips and his wife adopted a baby girl. Phillips requested Union Bankers add his adopted daughter to the policy. Union Bankers refused coverage by letter. Nowhere in that letter did Union Bankers include adoption as a reason for refusing coverage. Phillips sued Union Bankers on three claims: breach of contract, violation of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Union Bankers moved for summary judgment based on the insurance policy. The trial court found no breach of contract. All other claims were dependent on a finding of breach of contract. The trial court granted the motion for summary judgment.

Phillips sets forth two alternative arguments on appeal. In his first two points of error, he contends that the trial court erred in its interpretation of the unambiguous language of the insurance policy. In his third point of error, Phillips asserts that the trial court erroneously found the policy language unambiguous. He maintains that this ambiguity requires that we construe the contract against the insurer.

## SUMMARY JUDGMENT

### a. Standard

A summary judgment is proper if the summary judgment record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). However, if a contract contains an ambiguity, a summary judgment would be improper because any interpretation of the instrument is an issue of fact. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983).

The movant bears the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. In determining whether there is a material issue of fact, we accept as true the evidence favorable to the nonmovant. Every reasonable inference is indulged in favor of the nonmovant and any doubts are resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49 (Tex.1985).

### b. Rules of Construction

When the controversy is over construction of an unambiguous written instrument, the construction is a matter of law for the trial court. *See Jones v. El Paso Natural Gas Prods. Co.,* 391 S.W.2d 748, 754 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.). When the controversy can be

resolved by proper construction of an unambiguous document, rendition of summary judgment is appropriate. *See Moody v. Moody Nat'l Bank*, 522 S.W.2d 710, 715 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

The court's primary concern is to ascertain and give effect to the intentions of the parties *as expressed in the instrument. R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980). When examining an unambiguous contract, courts must construe the meaning of the language used in the contract. When the language is plain, it must be enforced *as written. Republic Nat'l Life Ins. Co. v. Spillars*, 368 S.W.2d 92, 94 (Tex.1963).

Generally, words and phrases in contracts should be given their ordinary, popular, and commonly accepted meanings. *Dedier v. Grossman*, 454 S.W.2d 231, 235 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). Language in a contract should be accorded its plain, grammatical meaning unless the parties definitely intended otherwise. *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985); *Fox v. Thoreson*, 398 S.W.2d 88, 92 (Tex.1966).

## THE INSURANCE POLICY

■ Phillips contends that the evident intent of the parties to the insurance contract was to include adopted children within the contract's automatic coverage provision. The pertinent policy provisions are:

Eligible members of your family are your spouse and your unmarried children who are under the age of 18. Any new eligible Family member shall be added to this policy when we approve your written application for that coverage and accept payment of the premium.

Children born to you while this policy is in force shall be insured from and after the moment of birth. Coverage shall be for injury, sickness, congenital defects and birth abnormalities. Notice of the birth of a child must be given to us not later than the first renewal date after the first 31 days of coverage. We will tell you if more premium is needed. Premium changes, if any, shall be made

on the next renewal date. If you fail to tell us of the birth of any children, their coverage shall end 31 days after their date of birth.

In the event of your death, your spouse, if covered under this policy, shall become the Insured.

Phillips maintains that the policy unambiguously provides automatic coverage for his adopted daughter. If this is his contention, then he must rely on the policy provisions dealing with automatic coverage.

The second paragraph addresses automatic coverage of children. This paragraph provides that "[c]hildren *born to you* while this policy is in force *shall* be insured from and after the moment of birth." (Emphasis added.) The remainder of the paragraph concerns the scope of coverage, the required notice, premium adjustments, and termination of automatic coverage.

These provisions of the contract are plain and unambiguous. They clearly provide automatic coverage to children "born to" the insured. Since Phillips's adopted daughter was not "born to" Phillips, the policy does not provide automatic coverage for her. This conclusion is not altered by the fact that the policy states that "[e]ligible members of your family are your spouse and your unmarried children who are under the age of 18." The quoted sentence is contained in the paragraph concerning eligibility for coverage, not automatic coverage.

To read the policy as providing automatic coverage of adopted children would require an interpretation that is contrary to the plain meaning of the words used. Accordingly, we overrule the first two points of error.

Phillips also argues that neither the "DEFINITIONS" section nor the "EXCEPTIONS" section of the policy contain any indication that adopted children are excluded from automatic coverage or treated differently from children who are not adopted. We agree, but Phillips's reliance on these sections is misplaced. The section of the policy concerning automatic cover-

age clearly excludes adopted children from such coverage. When words or phrases are clear and unambiguous, there is no need to provide definitions. Accordingly, it is both immaterial and understandable that other parts of the policy do not address the issue.

### FAMILY CODE

■ In arguing that the trial court erroneously construed the unambiguous terms of the policy, Phillips relies on section 16.09 of the Family Code. In particular, Phillips quotes the following provisions:

> (a) On entry of a decree of adoption, the parent-child relationship exists between the adopted child and the adoptive parents as if the child were born to the adoptive parents during marriage....
>
> ....
>
> (c) The terms "child," "descendant," "issue," and other terms indicating the relationship of parent and child include an adopted child unless the context or express language clearly indicates otherwise.

TEX.FAM.CODE ANN. § 16.09(a), (c) (Vernon Supp.1991).

He maintains that the cited Family Code provisions underscore the intent to provide automatic coverage to adopted children. According to Phillips, when the policy language and the statutory provisions are read together, the conclusion is that the parties intended to treat an adopted child like a child born to him. He maintains that there is no clear indication of a contrary intent. We agree that the policy language is unambiguous. We disagree with Phillips's conclusion. The applicable rules of construction do not permit this conclusion.

If the face of a contract reveals no ambiguity, the court should not admit parol evidence to create ambiguity or to give the contract a meaning that differs from its plain language. *Lewis v. East Tex. Fin. Co.*, 136 Tex. 149, 154, 146 S.W.2d 977, 980 (1941); *Nuclear–Medical Laboratories, Inc. v. First Nat'l Bank*, 629 S.W.2d 74, 76 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). We cannot use the Family Code to change the meaning of contracts.

Furthermore, the Family Code does not expressly prohibit different treatment for adopted children and natural children. It provides that the terms "child," "descendant," "issue," and other similar terms may exclude adopted children if the context or express language clearly indicates that the terms were not intended to include adopted children. TEX.FAM.CODE ANN. § 16.09(c) (Vernon Supp.1991).

### PUBLIC POLICY

■ Phillips contends that prevailing public policy supports his position that the parties intended to include adopted children in the automatic coverage provisions. He relies on the provisions of section 16.09 to support this position. Phillips does *not* argue that the exclusion of adopted children from automatic coverage is contrary to public policy. He only asserts that his interpretation of the contract is consistent with public policy.

However, there may be competing policy considerations regarding adopted children. Although the Family Code states some preference for treating adopted children as if they were the adoptive parents' natural children, *see id.* § 16.09(b), there may be good reason for treating them differently in certain situations. It is understandable that an insurer might not contract to provide *automatic* health insurance coverage to a child whose medical history is unknown.

This Court has no authority to revise a contract while professing to construe it. *General Am. Indem. v. Pepper*, 161 Tex. 263, 265, 339 S.W.2d 660, 661 (1960); *see Dedier*, 454 S.W.2d at 235. We cannot rewrite an unambiguous contract to conform with one party's assertions regarding public policy.

### AMBIGUITY OF CONTRACT

■ In his third point of error, Phillips contends that the trial court erroneously found the insurance contract unambiguous. Phillips argues that since the policy itself does not clearly define, limit, or except adopted children, and there is no ex-

press exclusion of adopted children, then the Family Code and the letter denying coverage should be read together with the policy to create ambiguity. Because of this ambiguity, he urges that the policy should be construed in his favor and against Union Bankers.

When the language of an insurance policy is ambiguous, the construction that affords coverage will be adopted. *Blaylock v. American Guarantee Bank Liab. Ins. Co.*, 632 S.W.2d 719, 721 (Tex.1982); *Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977). However, insurance contracts are to be strictly construed against the insurer and in favor of the insured only in cases of ambiguity. *See Southern Life and Health Ins. Co. v. Simon*, 416 S.W.2d 793, 795 (Tex.1967); *Spillars*, 368 S.W.2d at 94.

Whether a contract is ambiguous is a question of law for the court. *R & P Enters.*, 596 S.W.2d at 518. A contract is ambiguous only when the application of pertinent rules of interpretation results in genuine uncertainty as to which meaning is proper. *Id.* at 519; *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 517, 243 S.W.2d 154, 157 (1951). In the absence of ambiguity on the face of the contract, parol evidence is not available to create ambiguity. *Nuclear–Medical Laboratories, Inc.*, 629 S.W.2d at 76. We have already indicated our conclusion that the insurance policy is unambiguous. The pertinent language is susceptible to only one interpretation. The policy does not provide automatic coverage for adopted children. There is no ambiguity that would permit a contrary conclusion. Since the contract is on its face unambiguous, Phillips cannot use statutory provisions in the Family Code or any other extrinsic evidence to create ambiguity where none exists. We overrule the third point of error.

Phillips also raises an election argument and an estoppel argument at the end of his third point of error. He cites no authority in support of either argument. Moreover, he never presented either to the trial court. Any error associated with election or estoppel is waived and is not properly before this Court. *See LaBove v. City of Groves*, 608 S.W.2d 162, 162 (Tex.1980) (per curiam); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); TEX.R.CIV.P. 166a(c).

We affirm the judgment of the trial court.