# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2011

No. 10-50723
Summary Calendar

Lyle W. Cayce
Clerk

BRENDA LEMEILLEUR,

Plaintiff-Appellant

v.

MONUMENTAL LIFE INSURANCE COMPANY; TRUSTEES OF THE
NATIONAL HOMEOWNERS GROUP INSURANCE TRUST, c/o
Countrywide Insurance Services, Incorporated,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-701

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Brenda LeMeilleur ("Mrs. LeMeilleur") appeals the
district court's order of summary judgment in favor of Defendant-Appellee
Monumental Life Insurance Company ("Monumental"). Mrs. LeMeilleur sued
the insurance company to recover an accidental death benefit from a Group
Mortgage Accidental Death Policy ("Policy") which her deceased husband held.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50723

We AFFIRM the district court because that court properly determined that Mrs. LeMeilleur's claim fails as a matter of law.

Mrs. LeMeilleur and her husband purchased the insurance policy from Monumental. If Mr. or Mrs. LeMeilleur suffered an accidental death, the Policy states it would pay for the balance of the couple's home mortgage. The Policy also states that Monumental will pay the accidental death benefit when they "receive proof that the Insured died as a result of an Injury." The Policy defines an "Injury" as a "bodily Injury caused by an accident, independently of all other causes" and further stipulates that the "Injury must be the sole and direct cause of death." In September 2005, Mr. LeMeilleur fell and broke his hip, which required surgery. In July 2006, he died. According to Mr. LeMeilleur's death certificate, his death was due to a heart attack with hypertension as an underlying cause. Mrs. LeMeilleur submitted a claim for a death benefit for Mr. LeMeilleur's death, which Monumental denied. Subsequently, Mrs. LeMeilleur sued Monumental in Texas state court, seeking to recover the death benefit under the Policy. Monumental removed the case to federal court on the basis of diversity jurisdiction. Then, Monumental moved for summary judgment, arguing that the insurance claim failed as a matter of law because Mr. LeMeilleur's death was not solely caused by an accidental "Injury." Before the district court, Mrs. LeMeilleur argued that she was entitled to the death benefit because her husband's death was due to an insured accident – the fall. Mrs. LeMeilleur supported her assertion with testimony from Dr. Milton Shaw, Mr. LeMeilleur's attending physician. The district court disagreed with Mrs. LeMeilleur's assertions and granted summary judgment in favor of Monumental.

We review a summary judgment order *de novo*, applying the same standard as the district court. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Questions

No. 10-50723

of fact are viewed in the light most favorable to the nonmovant and questions of law are reviewed *de novo*." *Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998). When a case is removed to federal court on the basis of diversity jurisdiction, the Erie doctrine requires federal courts to apply substantive state law when adjudicating state law claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Universal Underwriters Ins. Co. v. Pan Am. Ins. Co.*, 450 F.2d 1050, 1052 (5th Cir. 1971). Here, Texas contract law applies to LeMeilleur's claim. *Id.*

In Texas, "all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties." *Gen. Am. Indem. Co. v. Pepper*, 339 S.W.2d 660, 661 (Tex. 1960). "It is well established that a contract is to be construed in accordance with its plain language." *Id.* Policy language that is susceptible to more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. *Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.*, 681 S.W.2d 593, 596 (Tex. 1984). But a court may only apply the rules of construction when the meaning of a contract is uncertain. *Gen. Am. Indem. Co.*, 339 S.W.2d at 661. In an accidental death benefit claim, the combination of an accident and pre-existing conditions are insufficient for recovery. *Mutual Benefit Heath & Accident Ass'n v. Hudman*, 398 S.W.2d 110, 112 (Tex. 1965). Instead, an accident must be more than a "proximate cause" of death, it must be the "sole proximate cause." *Id.*

Mrs. LeMeilleur argues that the district court erred by failing to consider the Policy's language concerning pre-existing conditions.[1] Mrs. LeMeilleur

---

[1] LeMeilleur also submits that the Policy is ambiguous, but she failed to allege this argument before the trial court. Thus, she has waived the argument on appeal. *LeMaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007). Plain language rules in this case because under Texas law, mere disagreement over the extent of coverage does not create ambiguity. *Travelers Lloyds Ins. Co. v. Pacific Employers Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010).

3

No. 10-50723

alleges that her husband's death was caused by pre-existing medical conditions.[2] Under Mrs. LeMeilleur's interpretation, this means Monumental is barred from denying Mrs. LeMeilleur's claim due to her husband's pre-existing heart and lung problems. Indeed, the Policy prohibits denial of a claim due to pre-existing conditions under certain conditions. But, contrary to Mrs. LeMeilleur's assertions, Monumental did not deny the claim because of pre-existing illnesses or conditions. Monumental denied the claim because the accident in question, Mr. LeMeilleur's fall, was not the sole cause of death. Rather, Mr. LeMeilleur died due to heart failure and hypertension.

Additionally, the district court did not err by concluding that the evidence failed to create a material question of fact as to whether the fall was the sole cause of death. Mr. LeMeilleur's death certificate does not reference the fall and lists a heart attack as the immediate cause of death. And, Mrs. LeMeilleur's own expert, Dr. Shaw, testified that the fall was merely a contributing factor to Mr. LeMeilleur's death, not the sole cause of death. The connection between the fall and Mr. LeMeilleur's death more than nine months later is too attenuated. Mrs. LeMeilleur's claim fails because there is no evidence to support her contention that the fall was the sole cause of death. Accordingly, the district court did not err by concluding that as a matter of law, Mr. LeMeilleur's death was not covered under the Policy's terms.

We AFFIRM district court's summary judgment order in favor of Monumental.

---

[2] Prior to the Policy's issuance in 2003, doctors diagnosed Mr. LeMeilleur with coronary artery disease, congestive heart failure, hypertension, obesity, diabetes, chronic obstructive pulmonary disease, and obstructive sleep apnea.